(Decided 17th November, 1892.)

---

## JOSEPH H. HARTSOCK *vs.* FRANKLIN MORT.

*Contract for Sale of Land—Failure to Convey—Covenant —Pleading—Variance—Sufficiency of Tender—Measure of Damages—Motion in Arrest of Judgment—Bill of Exceptions—Practice in Court of Appeals.*

In an action on a written contract, if the legal effect of the contract be accurately stated in the declaration, the paper itself is admissible in evidence, notwithstanding a difference in phraseology between it and the declaration.

The contract was for the sale of a farm, part of the purchase money to be secured by mortgage. The action was brought by the vendee, against the vendor, and the declaration alleged that the plaintiff tendered to the defendant a promissory note secured by a mortgage, for the deferred payment. The written contract provided merely for a mortgage with reference to this payment without regard to any note. HELD:

1st. That there was no variance in this respect between the mortgage provided for in the contract and the one executed by the plaintiff, and there was no error in admitting the contract in evidence in support of the allegation contained in the declaration.

2nd. That it was no defence to the action that the plaintiff, a day or two before the time when the demand for the fulfilment of the contract had been made by him and refused by the defendant, had himself stated, in effect to the defendant, that he would not take the farm according to the written contract.

3rd. That such statement was not even admissible in evidence as reflecting on the question of damages.

The written contract of sale contained the following clause: "The remainder of the $4300 to be secured by mortgage bearing interest at six per cent., dated April 1st, 1890, to be paid in one payment on the 1st day of April, 1893." HELD:

1st. That whether the interest should be paid annually, or the taxes should be paid on the mortgage debt, or the buildings should be insured, were matters not essentially involved in a valid mortgage to secure the final payment, and the contract being silent on these points, its provision for the execution of a mortgage was fully complied with by the execution of a mortgage containing no such covenants.

2nd. That as the time for the payment of the last instalment of the purchase money was fixed, and that instalment was made to bear interest, the interest was consequently payable only when the principal became due, if no express agreement designated an earlier or a different date.

On the day upon which the mortgage was to be given, at a meeting between the parties to complete the performance of the contract, the vendee placed upon a table, in the presence of the vendor, a package of bank notes and a few dollars in coin, and said to the vendor or his attorney who was present, "There are $1400,"

(the amount payable on that day,) "count it if you please." The vendor did not count it, nor did his counsel, but refused to accept it, not because it did not contain the correct amount, and not because of the kind of money, but solely because the vendee refused to execute the mortgage which the vendor demanded, containing the covenants which the vendee objected to.   HELD :

That if the vendor did not take the money, or make any objection to receiving it, other than that the mortgage presented by the vendee was not satisfactory to him, he could not complain that there was no sufficient tender.

The measure of damages to which the plaintiff was entitled was such sum as would compensate him for the loss and injury sustained by him as the direct proximate consequence of the defendant's breach of contract, and in estimating the damages the jury might consider the amount of money the plaintiff paid to the defendant under said contract of sale, with interest in their discretion; and also the difference between the price agreed to be paid for the farm by the plaintiff, and the actual market value thereof on the 1st of April, 1890.

In an action of covenant for the breach of a contract for the sale of land, brought by the vendee against the vendor, a portion of the damages recoverable is the purchase money paid by the vendee.

Where a declaration contains but one count upon two causes of action, one proper and the other not, upon a motion in arrest of judgment, the verdict will be supported by referring the damages assessed to the proper cause of action, rather than to the erroneous one.

Where special exceptions are filed to the granting of prayers, such exceptions cannot be considered on appeal, unless included in the formal bill of exceptions, and certified by the seal of the trial Judge to have been passed upon by him.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The *First, Second, Third, Fourth,* and *Fifth Exceptions* are stated in the opinion of the Court.

*Sixth Exception.*   At the trial the plaintiff offered three prayers, the first and second of which are as follows:

1. That if the jury find that the plaintiff and defendant made and executed the agreement of the 29th of August, 1889, offered in evidence, then by the true construction of the said agreement between the plaintiff and defendant, the defendant was bound to deliver to plaintiff possession of the farm of the defendant mentioned in evidence, upon the payment in three payments to defendant by plaintiff the sum of $4,300, to wit: the sum of one hundred dollars in cash on the 29th day of August, 1889, and the sum of fourteen hundred dollars on the 1st day of April, 1890, and securing the balance, twenty-eight hundred dollars, by a mortgage of the said farm, bearing date April 1st, 1890, payable three years after date, with interest; and shall further find that plaintiff paid to defendant the sum of one hundred dollars in cash on the 29th day of August, 1889; and shall further find that on the first day of April, 1890, plaintiff tendered defendant or his attorney, in defendant's presence, the sum of fourteen hundred dollars in cash as testified to in evidence, together with a mortgage duly executed by plaintiff and his wife, bearing date April 1st, 1890, securing the payment to the defendant of a note of even date, payable by plaintiff to defendant, on the first day of April, 1893, for the sum of twenty-eight hundred dollars and interest as testified to in the evidence, and was ready and willing and offered to take from defendant, possession of said farm and a deed thereof which had been signed, sealed and acknowledged by defendant, which was offered in evidence, and shall further find that defendant refused to deliver the deed or possession to plaintiff of said farm; then such tender was sufficient in law, and the defendant has committed a breach of his agreement and the plaintiff is entitled to recover.

2. That if the jury find for the plaintiff, under plaintiff's instruction, they are at liberty to allow plaintiff such damages as will compensate him for the loss and

injury sustained by him as the direct proximate conse-
quence of defendant's breach of contract, and that in
estimating the measure of damages the jury may con-
sider the amount of money the plaintiff paid to the de-
fendant under said contract, if they shall so find, with
interest, as the jury may allow; and also the difference
between the price agreed to be paid for the farm by the
plaintiff and the actual market value thereof on the 1st
day of April, 1890.

The defendant offered twenty-three prayers, the sub-
stance of which is sufficiently stated in the opinion of
the Court.

The Court (JONES, J.) granted the first and second
prayers of the plaintiff, and rejected his third prayer, as
also those offered by the defendant. The defendant ex-
cepted, and the verdict and judgment being against him,
he appealed.

The cause was argued before ALVEY, C. J., BRYAN,
FOWLER, PAGE, McSHERRY, and BRISCOE, J.

*William P. Maulsby*, for the appellant.

*Harry M. Clabaugh*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The declaration in this case alleges, in substance, that
by a written contract under seal, entered into between
the appellant and the appellee, the former agreed to sell
to the latter a farm for a stipulated sum of money, and
to execute a conveyance therefor and to deliver posses-
sion thereof, on April the first, 1890; and that the ap-
pellee on his part undertook and promised to pay part of
the purchase money on the execution of the contract,
another part on the first of April, 1890, and on the same
day to execute to the vendor a mortgage upon the land

sold, for the residue of the purchase money, payable in one sum, at the expiration of three years, with interest from its date; that the appellee paid the cash payment, and on the first day of April, 1890, tendered the second payment, and executed and offered to deliver to the appellant a mortgage securing a promissory note for the final payment, but that the appellant did not deliver to the appellee a deed for, and did not deliver to him possession of, the farm, as he was bound by the contract to do; and that in consequence of this breach the appellee was entitled to recover damages from the appellant, and that he was likewise entitled to recover back the portion of the purchase money paid by him upon the execution of the agreement. To this declaration the appellant pleaded thirteen pleas, but as no question involving a discussion of these pleas is raised in the record, no special reference need be made to them.

During the progress of the trial six exceptions were reserved; five of these being to rulings of the Court on the admissibility of evidence, and one to the granting of the appellee's first and second instructions and to the rejection of the appellant's twenty-three prayers. After verdict, a motion in arrest of judgment was filed, but this was overruled, and judgment against the appellant was thereupon entered, and this appeal was then taken by him.

The first exception was taken to the admission in evidence of the contract alleged to be the one sued on; and the second to the admissibility of the mortgage executed by the appellee and tendered by him to the appellant. Both the contract and the mortgage were objected to on the ground of variance, and substantially the same question is involved in each of these two exceptions. A consideration of one will therefore dispose also of the other.

The declaration does not set out the agreement in its precise words, but purports to give only its legal effect.

If its legal effect is accurately stated, the paper itself is admissible in evidence, notwithstanding a difference in phraseology between it and the declaration. The rule which requires the proof to agree with the allegation has reference, under declarations setting forth the legal effect of instruments sued on, to substance, and not to mere identity of expression. 1 *Green. Ev.*, *sec.* 69. If then the contract described in the declaration is identical in legal effect with that offered in evidence, there was and could be no variance between them. Now, the declaration alleges that the appellee tendered to the appellant a promissory note secured by a mortgage for the deferred payment; and as the written contract provides merely for a mortgage with reference to this same payment, without regard to any note whatever, it is insisted that there is in this respect a fatal variance between the allegation and the proof. The obligation imposed by the contract on the appellee was to execute a mortgage to secure the final payment—the lien of the mortgage being the substantial element of that covenant. The mortgage actually tendered secured a note for the amount of that final payment. But precisely the same result would have been reached by either method,—by either the final payment would have been secured by the lien of a mortgage on the same property, for the same sum of money, payable on the same day. The note and the mortgage would have secured to the appellant (leaving out of view the cumulative remedy he might have had on the note) exactly what he contracted for,—a mortgage lien on the land sold, for the deferred payment. In substance, then, the contract alleged according to its legal effect, and the contract offered to be proved, though differing in the words by which they are expressed, are essentially one and the same; and there was no error in admitting the evidence objected to in the first exception. The note secured by the mortgage was either an ingredient—a

necessary attribute—of the mortgage, or it was not. If it was, then, though not mentioned in the contract, it was proper that it should be signed and delivered as a part of the mortgage; if it was not, then its execution could neither invalidate nor render the mortgage less a lien than the contract required. In either event, therefore, the mortgage tendered by the appellee was in accordance with his contract. This being so, it is equally obvious that there was no variance between the mortgage provided for in the contract and the one executed by the appellee; and there was no error in the ruling objected to in the second exception.

The third, fourth and fifth exceptions were taken to the refusal by the Court to allow the appellant to offer in evidence certain declarations made by the appellee on the last day of March, 1890, to the effect that he would not take the farm according to the written contract. This proffered testimony was properly excluded. It proved no issue in the case. It was not admissible, as tending to show that the appellee *had* himself committed a breach of the contract. The question was, did the appellee comply with the covenants on his part, and not, did he *intend* not to comply with them? If he did in fact comply, his antecedent declarations, not acted on, that he would not comply, were wholly immaterial. They were not even admissible as reflecting on the question of damages. In an action for a breach of covenant to convey land, the measure of damages is well defined. In *Hammond vs. Hannin,* 21 *Mich.,* 374, Judge COOLEY collected and reviewed numerous cases, and stated as a result the following conclusions: "If the vendor acts in bad faith,—as, if having title he refuses to convey, or disables himself from conveying,—the proper measure of damages is the value of the land at the time of the breach; the rule, in such case, being the same in relation to real as to personal property. But, on the other hand,

if the contract of sale was made in good faith, and the vendor for any reason is unable to perform it, and is guilty of no fraud, the clear weight of authority is that the vendee is limited in his recovery to the consideration money (paid) and interest, with perhaps in addition, the costs of investigating the title.'' See also, *Cannell vs. McClean*, 6 *H. & J.*, 297; *Dyer vs. Dorsey and Edelen*, 1 *G. & J.*, 440; *Clagett vs. Easterday*, 42 *Md.*, 617, where the rule was stated, but not applied, by reason of the circumstances of that case; *Balto. Permanent Build. and Loan Society vs. Smith*, 54 *Md.*, 187, where the general rule was again laid down, but a different standard was held to be the proper one under the facts there disclosed. In *Engel vs. Fitch*, *L. R.*, 3 *Q. B.*, 314, the vendors, who were mortgagees, refused, on the ground of expense, to turn out the mortgagor, who was in possession; and thereupon the purchaser refused to complete, and brought his action; and it was held that the vendee was entitled to recover, not only his deposit and the expenses of investigating the title, but also the profit which it was shown he could have made on a resale. The vendors had a perfectly good title, but they refused to go to the expense which was necessary in order to hand over to the purchaser that which they had undertaken to deliver. This circumstance distinguishes the case at bar and others of a like class from *Flureau vs. Thornhill*, 2 *Wm. Bl.*, 1078; *Walker vs. Moore*, 10 *Barn. & Cress.*, 416; *Balto. Permanent Build. and Loan Society vs. Smith*, *supra*, and many more, wherein the absence of bad faith on the part of the vendor induced and justified the application of a much less rigorous measure of damages for a breach of a covenant to convey. Accepting as the correct measure of damages that laid down in *Cannell vs. McClean*, the testimony rejected by the rulings now under review could have had no influence in mitigating or reducing the amount which the appellee was entitled

to recover.    There was consequently no error in those
rulings.

The sixth exception involves the prayers.    Special
exceptions were filed by the appellant to the granting of
the appellee's prayers, but those exceptions, whilst set
forth in the record, are not incorporated in the bill of
exceptions.    Unless included in the formal bill of excep-
tions and certified by the seal of the trial Judge to have
been passed upon by him, they are not before us for con-
sideration.    *Albert vs. State, use of Ryan*, 66 *Md.*, 325.

The first instruction granted at the instance of the
appellee told the jury, in effect, that if they found the
execution of the contract sued on, then the true inter-
pretation thereof was that the appellant was required
by its terms to deliver to the appellee on April the first,
1890, possession of the farm described, if the appellee
complied with his covenants; and that if they should
find that the appellee tendered on April the first, 1890,
the sum of $1,400, as testified to, and also at the same
time, offered to deliver to the appellant the mortgage and
mortgage note adduced in evidence, and that the appel-
lant refused to deliver possession of said farm and
refused to deliver a deed therefor, then the appellee
was entitled to recover.    The first, second, third, third
and a half, fourth, fifth, sixth, seventh, eleventh, twelfth,
thirteenth and fourteenth prayers submitted by the
appellant present some opposite propositions, and raise
the following questions: Whether the facts in evidence
showed a tender of the $1,400, and whether the mortgage
executed by the appellee was, by reason of the omission
of certain covenants with respect to the annual payment
of interest on the mortgage debt, the payment of taxes,
and the insurance of the improvements on the farm, a
sufficient compliance on the part of the appellee with
his agreement.    A consideration of the first instruction
will consequently dispose of the above enumerated
prayers of the appellant.

The construction of the written contract was for the Court, and not for the jury. By the instruction given, the jury were told that a mortgage containing no provision for the payment of interest annually, and no provision for the payment of taxes, and no provision for an insurance on the buildings, was a performance of the appellee's undertaking. They were also instructed as to what constituted a sufficient tender. The language of that portion of the ageement bearing on the question is: "The remainder of the $4,300 to be secured by mortgage bearing interest at six per cent., dated April first, 1890, to be paid in one payment, on the first day of April, 1893." It was not provided in the agreement that the interest on the deferred payment should be paid annually, nor were any of the other conditions insisted on by the appellant specified. The parties could readily have set forth in the contract what covenants they desired the mortgage to contain. These covenants, when they go beyond providing for the mere creation of a lien, are necessarily the subject of agreement between the parties. Whether the interest should be paid annually, or the taxes should be paid on the mortgage debt, or the buildings should be insured, were matters not essentially involved in a valid mortgage to secure the final payment. The contract between the parties being silent on these points, its provision for the execution of a mortgage was fully complied with by the execution of a mortgage containing no such covenants. As the time for the payment of the last instalment of purchase money was fixed, and that instalment was made to bear interest, the interest was consequently payable only when the principal became due, if no express agreement designated an earlier or different date. As the contract between the parties contained no stipulation for a mortgage of a different character from the one that was tendered, all of the appellant's prayers, which were based upon the

Hartsock *vs.* Mort.

hypothesis that the mortgage as executed was insufficient, were properly rejected.

The record shows that on April the 1st, 1890, the appellant and the appellee met to complete the performance of the contract.   There was considerable discussion over various subjects, and finally the appellee placed upon a table in the room where both he and the appellant, as well as several other persons, then were, a package of bank notes and a few dollars in coin, and said to the appellant, or his attorney, who was present, "there are $1,400; count it, if you please."   The appellant did not count it, nor did his counsel, but refused to accept it, not because it did not contain the correct amount, and not because of the kind of money, but solely because the appellee refused to execute the mortgage which the appellant demanded, containing the covenants which the appellee objected to.   The money was placed upon the table for the appellant.   The amount payable that day under the contract was there, and it was brought there and thus offered to the appellant under and in accordance with the agreement.   If he did not take it, or make any objection to receiving it, other than that the mortgage was not satisfactory to him, he cannot complain that there was no sufficient tender.   2 *Green. Ev.,* sec. 603.   It follows from this that there was no error in rejecting those of the prayers of the appellant which related to the subject of tender.   The remaining prayers of the appellant relate to subjects fully covered by the granted instructions, and need not, therefore, be considered further than to say that the fifteenth, which relates to the measure of damages, was erroneous because, while conceding the right of the plaintiff to recover the amount which the farm enhanced in value between the date of the contract and the day of the breach, it excluded the right to recover back the money actually paid.

The second instruction granted at the instance of the appellee correctly stated the measure of damages.   There

remains only the question arising on the motion in arrest of judgment. Briefly stated, it is this : The *narr.* is in covenant. It contains but one count, and the damages claimed are partly such as could only have been recovered *in assumpsit,* and partly such as were properly recoverable in covenant. As a consequence, there was a misjoinder, which would preclude the entry of a judgment. But this is not tenable. A portion of the damages recoverable in such a case as this, as we have already observed, is the purchase money paid by the vendee; and even if this admitted of any doubt, there being but one count in the *narr.,* the verdict would be supported by referring the damages assessed to the proper cause of action, rather than to the erroneous one. *North. Cent. Railway Co. vs. Mills,* 61 *Md.,* 355.

As we have found no error in the rulings excepted to, the judgment appealed from will be affirmed, with costs.

*Judgment affirmed, with costs.*

(Decided 17th November, 1892.)