(Decided 15th March, 1893.)

R. IRVING BOWIE, Administrator de bonis non, with the will annexed *vs.* ROSA B. BOWIE, Administratrix de bonis non, of WILLIAM J. BOWIE.

*Sec. 2 of Art. 35 of the Code, Evidence Act—Competency of Witness—Transactions with Decedent.*

Where an action for money claimed to be due by a testator in his life-time, is brought against his administrator with the will annexed, by the administratrix of the deceased creditor, the plaintiff is not entitled under section 2 of Article 35 of the Code, (Evidence Act) to testify on her own behalf in regard to a promise made to her by the defendant's testator in his life-time that he would pay the money so claimed to be due from him to her intestate.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRISCOE, J.

*Charles H. Stanley*, for the appellant.

*James S. Wilson*, and *C. C. Magruder*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The question in this case is a narrow one, and depends entirely upon the construction of the Evidence Act, codified as secs. 1 and 2 of the Code, (Art. 35.) The plaintiff is the administratrix *d. b. n.* of William J. Bowie, and the defendant is the administrator *d. b. n.* with the will annexed of William B. Bowie. The suit is brought to recover an indebtedness alleged to be due and owing to William J. Bowie in his life-time, the plaintiff's intestate, by William B. Bowie, the defendant's testator; and the sole question is whether the plaintiff administratrix is a competent witness to prove a promise by William B. Bowie to her that he would pay the money claimed to be due, or invest it for the benefit of the son of the plaintiff's intestate. Now, the Code removes, it is true, the disqualification of witnesses on the ground of interest, and permits the parties to a suit or action themselves to testify; but the right of parties to testify is subject to certain qualifications which plainly show the spirit and intent of the law.

Thus sec. 2 provides that, "when an original party to a contract or cause of action is dead, * * * or when an executor or administrator is a party to the suit, * * * either party may be called as a witness by his opponent, but shall not be permitted to testify on his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely, except in case where the party

to such suit  *  *  has died after having testified in his own behalf, then the opposite party shall be a competent witness on his own behalf in such case, notwithstanding the executor or administrator of such deceased person,  *  *  *  has become a party to such suit, but shall only testify as to matters upon which such deceased person was examined and testified to; provided, that when an executor or administrator is a party to the suit  *  *  *  when the cause of action has arisen on a contract made with such executor or administrator, or out of transactions between such executor or administrator, *  *  *  and the other party, or when the executor or administrator testifies as to any conversation had with the other party, either party may be examined as a witness as provided for in the other sections of this Article.'' So, when an executor or administrator of a party to the contract or cause of action at issue, and on trial is a party to the suit, he is not a competent witness to testify on his own offer, except in cases where the other party to the suit having testified has died, or where the cause of action has arisen on a contract or out of transactions between such executor or administrator; or where he testifies as to a conversation had with the other party to the suit or action or other proceeding.  It would be manifestly unfair and unjust to permit one of the parties to the contract or cause of action in controversy to testify on his own behalf when the other party, being dead, could neither contradict nor explain the testimony given by the living party to the cause of action.  And in permitting the parties to a cause of action, or an executor or administrator who is a party to the suit, to testify on their own offer, the Legislature was careful to confine the operation of the Act to cases in which the parties stood on terms of perfect equality as to the knowledge, or means of knowledge, in regard to the subject-matter in controversy.  And when it says an executor or adminis-

trator may testify on his own offer as to a contract made, or a transaction or conversation had with the other party, it means a party living at the time of the trial, one who has the opportunity of contradicting or explaining the testimony of such executor or administrator. But in this case the plaintiff is the administratrix of W. J. Bowie, one of the parties to the contract or cause of action at issue and on trial, and to permit her to testify on her own behalf in regard to a promise made to her by William B. Bowie in his life-time, would be not only against the spirit, but the plain language of the Act. And this being so, the judgment below must be reversed, and new trial awarded.

*Judgment reversed, and*
*new trial awarded.*

(Decided 15th March, 1893.)