FIRST NATIONAL BANK OF FREEHOLD, N. J., APPELLANT, v. ABBIE M. RUTTER, RESPONDENT.

Argued November 22, 1918—Decided March 3, 1919.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 424.

For the appellant, *Vredenburgh & Vredenburgh.*

For the respondent, *John S. Applegate & Son.*

PER CURIAM.

In this case we are of opinion that the judgment under review should be affirmed, for the reasons stated in the opinion of Mr. Justice Parker in the court below, and would add nothing to that deliverance were it not for an opinion filed in this court subsequent to the filing of the opinion in the case at bar in the Supreme Court. We refer to *La Rose* v. *Nichols,* 91 *N. J. L.* 355. It might seem upon a cursory view that as an estoppel was worked there it should be here. Not so.

At common law a married woman could not contract; but under section 5 of the Married Woman's act (*Comp. Stat., p.* 3226) she can, with the exceptions mentioned in the act; and they preserve to her the benefit of the disabilities under which she labored at common law; her disability, therefore, is one at common law, like the disability of infants.

This court, in the La Rose case, held that the contract of an infant for his own benefit (and he received the benefit), induced by his fraudulent representation that he was of age when he looked as though he were, could not be defeated by him on the ground of infancy, as the doctrine of estoppel precluded him.

It is to be observed that this very statute emancipating married women from their incapacity to contract, while providing that their undertakings by way of suretyship and accommodation endorsement shall not bind them, makes an exception in cases where they obtain, directly or indirectly, any money, property or other thing of value for their own use, or the use, benefit or advantage of their separate estate, in which event they are made liable.

Thus it appears that in the case of married women the statute itself makes them liable in the circumstances which this court held infants liable in the La Rose case—that is, where they receive a benefit.

*For affirmance*—The Chancellor, Swayze, Trenchard, Bergen, Minturn, Black, Heppenheimer, Williams, Taylor, Gardner, JJ.   10.

*For reversal*—None.