# THOMAS R. BOND

*vs.*

# EDWARD F. WELLER.

*Specific Performance—Indefinite Contract.*

Specific performance will not be granted unless the contract is free from all shade or color of ambiguity. p. 10

A contract for the sale of land which provides that part of the purchase money shall be paid by a building association loan. to be obtained by the purchaser, and contains an undertaking by the vendor to accept a second mortgage as security for the unpaid balance of the purchase money, but states the amount of neither the loan to be secured nor of the second mortgage, is too indefinite to be enforced by a court of equity. p. 11

Conversations between the parties to a contract of sale, leading up thereto, are not admissible to supply omissions or cure defects therein. p. 12

A contract for the sale of land, providing that the unpaid balance of the purchase money be paid, $700 a year in monthly installments, and further providing that a loan should be secured by the purchaser, and the balance carried by the vendor on second mortgage, without stating the amount of the loan or mortgage, did not present a case of alternative provisions, one of which could be enforced in case the other was void for uncertainty. p. 12

*Decided March 22nd, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Bill by Thomas R. Bond against Edward F. Weller for specific performance. From a decree for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Walter C. Mylander,* for the appellant.

*William H. Surratt,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 5th of August, 1920, the appellant and appellee entered into the following contract:

"This Agreement, Made this fifth day of August (1920), nineteen hundred and twenty, between Thomas R. Bond of the first part and Edward F. Weller of the second part:

"Witnesseth, That the said party of the first part doth hereby bargain and sell unto the said party of the second part, and the latter doth hereby purchase from the former the following described property, situate and lying in Baltimore City: Bungalow, six rooms and bath, Green Spring Avenue, between Taney Road and Key Avenue. Lot No. 763 as shown on the plat.

"At and for the price of seven thousand dollars ($7,000.00), of which five hundred dollars ($500.00) have been paid prior to the signing hereof and the balance is to be paid as follows: $500.00 on or before September 1, 1920, balance to be paid $700.00 a year in monthly installments of $58.34 each month and interest. A building association loan to be secured by said Weller and the balance to be carried by said Bond on a second mortgage with interest. Cement walk from porch to front of lot and to side porch to be laid by Bond.

"And upon payment as above of the unpaid purchase money a deed for the property shall be executed at the vendee's expense by the vendor, which shall con-

vey the property by a good and merchantable title to
the vendee.

"Taxes,          , to be paid or allowed for by the
vendor to August 18th, nineteen hundred and twenty.
            "Witness our hands and seals.
                          "Thos. R. Bond.          (Seal)
                          "Edward F. Weller.       (Seal)
"Test: E. L. Willis."

The appellee paid $500 at the time the contract was exe-
cuted, and also paid the $500 due under the terms of the con-
tract on the 1st of September, 1920. He took possession of
the property shortly before he made the second payment, and
remained in possession until about July, 1921, but he never
made any further payment on account of the purchase-price,
and gave as his reason for failing to do so that neither he nor
his counsel had been able to secure a building association
mortgage or loan on the property. Learning that the appellee
was about to "move out" of the property, the appellant, on
the 8th of July, 1921, filed the bill of complaint in this case
for specific performance of the contract. The appellee an-
swered the bill, admitting the execution of the contract, but
denying the right of the appellant to the relief sought, on the
ground, among others, that the contract was too indefinite
and uncertain to be specifically enforced, and this appeal is
from the decree of the court below dismissing the bill.

It is said in *Miller's Equity,* sec. 683: "That the con-
tract sought to be specifically enforced must be definite and
certain in its terms, and free from all ambiguity, has been
established by many cases. It is indeed said that the con-
tract must be free from all shade or color of ambiguity."
This statement of one of the essential features of enforceable
contracts has been repeated with equal emphasis in many of
the later decisions of this Court. *Horner* v. *Woodland,* 88
Md. 511; *Dixon* v. *Dixon,* 92 Md. 432; *Ward* v. *Newbold,*
115 Md. 689; *King* v. *Kaiser,* 126 Md. 213; *Phoenix Pad
Mfg. Co.* v. *Roth,* 127 Md. 540; *Thompson* v. *Thomas &*

*Thompson Co.,* 132 Md. 483: *Texas Co.* v. *United States Asphalt Refining Co.,* 140 Md. 350. In *Ward* v. *Newbold, supra,* JUDGE PEARCE said: "No rule is better established than that which enumerates 'certainty in all its parts' as one of the essentials of every agreement to merit the interposition of a court of equity, and that 'if any of these essentials are wanting, courts of equity will not decree specific performance.'"

Turning to the contract in this case, we find that after stating the price to be paid for the property, and specifying that it was to be paid in certain installments, it then provides that, "a building association loan" is to be secured by the vendee, and that the balance is to be "carried" by the vendor "on a second mortgage with interest," and that "upon payment as above of the unpaid purchase money, a deed for the property shall be executed at the vendee's expense by the vendor, which shall convey the property by a good and merchantable title to the vendee." Here there is a distinct undertaking on the part of the vendee to pay part of the purchase-money by a loan to be obtained by him from a building association, and a like undertaking on the part of the vendor to accept a second mortgage of the property as security for the balance of the purchase-money, but neither the amount of the loan to be secured by the vendee, nor the amount of the second mortgage to be accepted by the vendor is stated in the contract. The contract is therefore incomplete, indefinite and uncertain in a most important particular. The Court cannot supply this omission or remedy the defect, for any attempt to do so might result in enforcing "precisely what the parties never did intend or contemplate." *Dixon* v. *Dixon, supra; Phoenix Pad Mfg. Co.* v. *Roth, supra.* A contract to secure a loan, or to accept a mortgage, without specifying the amount of the loan or mortgage, is not less incomplete and uncertain than a contract for the sale of real estate without stating the price to be paid therefor, or a contract for the execution of a lease without specifying the term for which it is to be made, which have been held to be too indefinite to

warrant a decree of specific performance. *Bowie* v. *Bowie,* 77 Md. 311; *Ward* v. *Newbold, supra.*

With the view of supplying the omission or curing the defect in the agreement sought to be enforced, the plaintiff offered to prove conversations between the parties leading up to the execution of the contract, but this evidence was clearly inadmissible. *Phoenix Pad Mfg. Co.* v. *Roth, supra.*

The appellant insists that the contract in question should be construed as containing alternative provisions for the payment of the consideration, and relies upon the statement in 36 *Cyc.* 575, that, "Where the contract gives defendant the choice of two alternatives, and one of them is void for uncertainty, or fails by reason of defendant's having disabled himself from performing it, or fails by the act of a third party without collusion with the plaintiff, equity will enforce the other alternative, if in its nature it is a fit subject for the exercise of equitable jurisdiction." But assuming the correctness of the legal proposition stated as applicable to alternative contracts or provisions, there is nothing in the language of the contract now under consideration to warrant that construction. It does not say that the vendee is to pay the balance of the contract price at the rate of $700 a year, in monthly installments of $58.34, *or* by a loan to be secured by him from a building association, and the balance to be carried by the vendor on a second mortgage, but it states that such a loan *is* to be secured by the vendee and that the balance *is* to be carried by the vendor on a second mortgage. The Court cannot say that the parties did not mean what they have clearly said, nor can it be "expected to wander in the field of conjecture to make out a contract for the parties." *Smith* v. *Crandall,* 20Md. 501. In the late case of *The Texas Co.* v. *United States Asphalt Refining Co., supra,* the Court said: "The agreement sought to be enforced is, therefore, incomplete. It was being negotiated as an entire agreement, and its provisions are not separable. It was intended to accomplish a property division as to an essential element of which the parties have manifestly failed to agree. The Court has no

authority to supply that deficiency. It has neither the right nor the ability to decide where the northern limit of the right of way to the pier should be located. That is a subject which the parties reserved for their own decision by mutual agreement, and we have no more power to complete their unfinished contract than we would have to make one for them in its entirety. A court of equity will not undertake to specifically enforce an agreement unless it is definite and certain in all its provisions; * * * and the agreement relied on fails to comply with that requirement."

So in the case at bar, the agreement in question was negotiated as an entire contract for the sale of the property therein mentioned, and its provisions are not separable. There is nothing in the contract itself to indicate that the provision mentioned was not an essential part of the inducement for the execution of the contract, and as that provision is incomplete, indefinite and uncertain in its terms, and as the Court has no power to cure the defect, the decree of the court below dismissing the bill must be affirmed.

*Decree affirmed, with costs.*