# THEODORE C. FIFER *v.* CYRUS ROMAN HOOVER

ET AL.

[No. 31, October Term, 1932.]

*Decided January 10th, 1933.*

382

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*S. Robert Levinson* and *Joseph Leiter*, with whom was *Joseph Loeffler* on the brief, for the appellant.

*Burdette B. Webster*, with whom were *Charles F. Harley*, *Michael J. Manley*, and *Oliver Y. Harris*, on the brief, for the appellees.

Adkins, J., delivered the opinion of the Court.

The declaration in this case was on the common counts and on two special counts numbered 7 and 8. The seventh count was as follows:

> "7. And for that on January 9, 1931, the Defendants entered into an agreement, in writing, under seal, which is filed herewith as a part hereof, and which is in Court, with the Plaintiff, wherein the Defendants agreed to purchase from the Plaintiff, all the stock in trade, and the complete shop equipment, contained in the garage premises, No. 811 Pennsylvania Avenue, in Baltimore City, State of Maryland, including the good will of the business conducted therein by the said Plaintiff and the lease thereto, at and for the consideration of Six Thousand ($6,000.00) Dollars, of which the Defendants paid to the Plaintiff, the sum of One Hundred ($100.00) Dollars and for the payment of the balance of the purchase money, the Defendants further agreed to pay, in cash, the sum of Nineteen Hundred ($1,900.00) Dollars, in two installments, to wit, the sum of Five Hundred ($500.00) Dollars on Monday, January 12, 1931, and the sum of Fourteen Hundred ($1,400.00) Dollars on Monday, January 19th, 1931, and to execute forty promissory notes, for One Hundred ($100.00) Dollars each, payable monthly, to secure the payment of which Four Thousand ($4,-

000.00) Dollars from the Defendants agreed to execute a chattel mortgage on the personal chattels hereinbefore described, and the Defendants also agreed to settle the aforesaid purchase price on or before January 20, 1931, and that time was the essence of said agreement, and although the Plaintiff has been ready and willing to perform his part of said agreement, the Defendants, notwithstanding, have refused to pay the Plaintiff the aforesaid sum of Nineteen Hundred ($1,900.00) Dollars."

The eighth count differed from the seventh only in alleging that the defendants orally agreed that the chattel mortgage "should embrace the personal chattels hereinbefore described."

There was filed with the *narr.* the following contract of sale:

"This agreement, Made this 9th day of January, nineteen hundred and thirty-one, between Theodore C. Fifer of the first part and Roman C. Hoover of the second part:

"Witness, that the said party of the first part does hereby bargain and sell unto the said party of the second part, and the latter doth hereby purchase from the former, the following described property, situate and lying in Baltimore City, Maryland, and contained in the garage 811 Penna. Ave. and known as Fifer Motor Co., consisting of all the stock in trade and the complete shop equipment, including good will in trade, and the present lease dated April 1, 1930, and ending June 30, 1934, which lease the purchaser will secure from the Lessor.

"At and for the price of Six Thousand Dollars, of which One Hundred Dollars have been paid prior to the signing hereof and the balance to be paid as follows:

"Nineteen Hundred Dollars more in cash on or before January 20, 1931, and $4,000.00 more to be paid in monthly installments of $100.00 a month.

"The air compressor is not included in the sale.

"And upon payment as above of the unpaid purchase money, a Deed for the property shall be executed at the Vendee's expense by the Vendor, which shall convey the property by a good and merchantable title to the Vendee.

"Taxes, to be paid or allowed for by the Vendor to time of settlement, nineteen hundred and

"Time is the essence of this contract, and said Nineteen Hundred ($1,900.00) Dollars to be paid Five Hundred ($500.00) Dollars on Monday, January 12th, and Fourteen Hundred ($1,400.00) Dollars on Monday, January 19th, or sooner, at which time possession will be given to the purchaser. At time of settlement, the purchaser shall sign the notes jointly with his wife, together with a chattle mortgage as security for the unpaid purchase money.

"Witness our hands and seals

| "Theodore C. Fifer, | [Seal.] |
| "Roman C. Hoover, | [Seal.] |
| "Mildred R. Hoover, | |
| "By Roman C. Hoover, Agent. | [Seal.] |

"Test:

"George Foit,

"S. Kleiman."

The defendants separately demurred to the declaration on the following grounds: (1) Insufficiency in law; (2) insufficiency in law of seventh and eighth counts; (3 and 4) that, agreement is unenforceable for indefiniteness and for other reasons; (5) that plaintiff has not been damaged; (6) that plaintiff has not complied with the "Sales in Bulk Act." The defendant Mildred C. Hoover assigned as additional grounds: (7) That it appears upon the face of the agreement that she did not execute said agreement; (8) that she is not a party to said contract; (9) that it is not her agreement.

. The court sustained both demurrers, and on separate motions of the defendants for judgment of *non pros.* for failure to file amended declaration, the court entered separate judgments of *non pros.* and for costs in favor of the respective defendants, from which this appeal was taken.

We do not find any such indefiniteness in the contract as to make the contract unenforceable in an action at law.

"A lack of definiteness in an agreement may concern the time of performance, * * * *property to be transferred,* or miscellaneous stipulations in the agreement * * *. In construing such agreements a court should endeavor, if possible, to attach a sufficient definite meaning to a bargain of parties who evidently intended to enter into a binding contract * * *." 1 *Williston on Contracts,* sec. 37.

The Maryland cases cited by the learned trial judge were either cases where specific performance was sought, as in *Bond v. Weller,* 141 Md. 8, 12, 118 A. 142; *Tarses v. Miller Fruit & Prod. Co.,* 155 Md. 448, 452, 142 A. 522; or where an injunction was prayed, as in *Phœnix Pad Mfg. Co. v. Roth,* 127 Md. 540, 544, 545, 96 A. 762, where it was said, in reference to definiteness of terms of contract, the same principles applied as in bills for specific performance; or where it was sought to explain a patent ambiguity by oral testimony, as in *Castleman v. Du Val,* 89 Md. 657, 660, 43 A. 821, and *Merritt v. Peninsular Construction Co.,* 91 Md. 453, 463, 46 A. 1013.

It might be that a court of equity would refuse specific performance if it reached the conclusion that it could not be determined from the written instrument what chattels the parties to the contract agreed should be included in the chattel mortgage referred to therein. In no other respect is there such a lack of certainty and definiteness in the contract as would warrant the refusal of relief even under a bill for specific performance, where, of course, the requirements of definiteness are very much more exacting than in a suit at law. And even if it were conceded that there was such lack of definiteness in the matter of the chattel mortgage that the contract could not be specifically enforced, it would not follow that a suit at law would not lie for its breach by either party. In the case of *Thomson v. Gortner,* 73 Md. 474, 21 A. 371, 373, relied on by appellees, it was said: "The law is too well settled to admit of doubt that, in order to constitute a

valid verbal or written agreement, the parties must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean; and if an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void, for neither the court nor the jury can make an agreement for the parties. Such a contract can neither be enforced in equity nor sued upon at law." That would seem to be axiomatic. It means nothing more than that the court and jury must be able to find without speculation and with a reasonable degree of certainty what the parties meant by what they said. In the case cited the court said: "Now, reading the contract before us, we find it impossible to arrive at the intention of the parties on several important questions." Surely that cannot be said of the contract in this case. It could have meant nothing more nor less than this: That upon the payment by the vendee of the sum of $1,900 on or before January 20th, 1931, which the vendee agreed to pay on or before that time, possession would be given to the vendee, and that then settlement should be made by the execution by the vendee and his wife of notes for the balance of the purchase money, $4,000, $100 each payable monhtly; that the notes should be signed jointly by the vendee and his wife, "together with a chattel mortgage as security for the unpaid purchase money.".

Can it be doubted that if, on payment by the vendee of the $1,900 at the time agreed upon, and tendering notes signed by himself and wife and a mortgage of the chattels he had agreed to purchase, the vendor had refused to deliver possession, the vendee could have sued for a breach of contract? And is not that the test in this case? It is not correct to say, as is asserted by the appellees, that this is a suit for the $1,900 payment. It is a suit for breach of the contract by appellees, and the breach was the refusal to pay the $1,900 which was to be the first step in the settlement, and that was the breach alleged in the *narr*. On refusal to make that payment the appellant had the right to retain the chattels, and to sue for such loss as he had sustained by the breach.

On the question as to whether the defendant Mildred C.

Hoover was a proper party defendant, we think the trial court correctly held that she was not. It seems apparent that the only reason for attaching her signature to the agreement was to bind her as to the signing of the notes. Her demurrer was properly.sustained on the ground of misjoinder; and the judgment for costs was properly entered in her favor on her motion for a judgment of *non pros.* 1 *Poe, Pl. & Pr.,* sec. 384.

Whether the defendant, who was a proper party, could have made the misjoinder of another party a ground of demurrer, it is not necessary here to decide. As a matter of fact, in this instance the grounds were all specified at length, and he did not assign that as a ground; and we think it should be held that any right he had in that respect was waived. It is significant that one of the attorneys for Mrs. Hoover also signed the demurrer of her husband, in which was omitted this particular ground assigned in the wife's demurrer. Manifestly it was not intended to assert it on his behalf. In this view the demurrer of the husband should have been overruled. But this question is not of great importance here, for whether the demurrer was properly or improperly sustained as to the husband on the ground of misjoinder of the wife, in either event the case must be remanded, so that the plaintiff may amend his *narr.* by omitting the wife as a codefendant, for even if the ruling as to the husband were correct on this ground, the plaintiff should not be penalized for not amending his *narr.* in this respect, which would have been unavailing in view of the court's conclusion on other grounds.

There is no force in the sixth ground assigned by appellees. The failure to comply with the Sales in Bulk Act (Code, Supp. 1929, art. 83, sec. 100 *et seq.*) had no effect as between the parties.

> *Judgment affirmed as to Mildred C. Hoover, and reversed as to Cyrus Roman Hoover, and case remanded; costs to be paid one-half by appellant and one-half by Cyrus Roman Hoover.*