AARON S. APPLESTEIN *v.* ROYAL REALTY CORPORATION

[No. 22, October Term, 1941.]

*Decided January 10, 1942, as amended March 3, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*H. Harry Rosenberg* for the appellant.

*Maurice E. Skinner,* with whom were *Skinner, Herrmann & Skinner* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The Royal Realty Corporation filed a bill for specific performance against Aaron A. Applestein, who agreed in writing to purchase from it in fee two properties, Nos. 19 and 21 West Mount Royal Avenue in Baltimore, for $10,000, of which $500 was paid in cash, $1,500 to be paid at time of settlement, which was to be within sixty days from the date of the agreement, April 18, 1940, "seller to arrange for a purchase money mortgage of eight thousand dollars ($8,000.00) for a period of five years to bear interest at four per cent (4%) per annum. Said mortgage to be amortized ten per cent (10%) annually, to be paid monthly or quarterly."

The defendant demurred, on the ground that the contract was vague, indefinite, and uncertain, and both parties cite many authorities to the effect that these qualities must be present or the contract cannot be specifically enforced. The demurrer was overruled; the de-

fendant declined to answer and appealed to this Court. The rule applied by this court in many cases is as stated in *Miller's Eq. Proc.*, 789, Sec. 683: That the contract sought to be specifically enforced must be definite and certain in its terms, and free from all ambiguity, has been established in many cases. It is indeed said that the contract must be free from all shade or color of ambiguity. If uncertain or ambiguous, a specific performance will not be decreed.

. The only uncertainty of which the defendant complains is that the contract fails to state what terms and provisions the mortgage shall contain. Courts cannot write litigants' contracts, but they can construe them; and when they are valid, enforce them. We cannot say what form the mortgage shall take.

The contract requires the payment, when settlement is made, of an additional sum of $1,500 in cash, leaving a balance of $8,000, to be secured by a purchase money mortgage of $8,000, the mortgage to provide that it shall be payable in five years, to bear interest at 4 per cent. per annum, to be amortized 10 per cent. annually, to be paid monthly or quarterly. The mortgagor could decide whether it be monthly or quarterly. *Scholtz v. Philbin*, 157 Md. 196, 199, 145 A. 487; but neither party makes any point of this.

The inconsistent requirements are that the mortgage shall be payable in five years, yet the agreement also says it is to be amortized 10 per cent. annually. To be amortized at that rate, the mortgage should be payable in ten years, not five. The courts must say what the contract is, yet in this one clause, we have two contracts, one calling for a five year mortgage and one for ten years. To say that it shall be one, or the other, would mean that the court write in the provision for payment. The provision for payment of the major part of the purchase money is not an unimportant part of the contract. Neither of the parties submits a form of mortgage, so that we are held to the literal terms of the contract of sale. One of them might contend for the general form of Section 80, Article

21, Code, 1939, or the form commonly used in Baltimore City. If the former, there is no covenant to pay taxes or interest or to insure, and to provide for foreclosure in case of default. The chancellor took the position that the form commonly in use in Baltimore, which contains all the covenants necessary for the protection of the mortgage in case of default, was the form of mortgage contemplated by the parties, but none of those covenants are contained in the contract. Those provisions could all have been inserted in the contract, and it would not have required much space to do so. If they had been, the buyer would not likely then have objected.

There is no agreement in this contract to pay taxes. The only mention of insurance is that the seller shall immediately have the insurance policies so endorsed as to protect the parties to the contract, "and continue in force during the life of the contract." The life of "this contract" will expire with the settlement, by the payment of $1,500, the execution of the deed, and of the purchase money mortgage for $8,000. After that the purchaser, mortgagor, would be under no obligation to insure, with no default if he would not, but that would not invalidate the agreement, though it might disappoint the seller.

There is no time specified for the payment of interest, but that would not be fatal, as it would be payable, unless otherwise specified, at the maturity of the principal debt.

With the exception of the uncertainty of the maturity of the principal debt, the case has many features in common with the case of *Hartsock v. Mort*, 76 Md. 281, 291, 25 A. 303, 305, where it was said: "It was not provided * * * that the interest on the deferred payment should be paid annually, nor were any of the other conditions insisted on by the appellant specified. The parties could readily have set forth in the contract what covenants they desired the mortgage to contain. These covenants, when they go beyond providing for the mere creation of a lien, are necessarily the subject of agreement between the parties. Whether the interest should be paid annually, or the taxes should be paid on the mortgage debt, or the

buildings should be insured, were matters not essentially involved in a valid mortgage to secure the final payment. The contract between the parties being silent on these points, its provision for the execution of a mortgage was fully complied with by the execution of a mortgage containing no such covenants. As the time for the payment of the last installment of purchase money was fixed, and that installment was made to bear interest, the interest was consequently payable only when the principal became due, if no express agreement designated an earlier or a different date." *Wilentz v. Mechanik*, 90 N. J. Eq. 269, 106 A. 371; 41 *C. J.* 849; 36 *Am. Jur.* 850, Sec. 324; *Jones on Mortgages*, 8th Ed., Vol. 3, 818, Sec. 2311. The case of *Hartsock v. Mort, supra*, was an action at law on a contract of sale and purchase, where the vendor had, after the contract was made, and before its consummation, sold the property, and on being sued by the vendee sought refuge behind the form of mortgage submitted by him.

A case exactly like the one we have here has not been cited but the materiality of the uncertainty to which we have referred, and that is the time of maturity, seem to us to be supported in principle by the cases of *Tarses v. Miller Fruit & Produce Co.*, 155 Md. 448, 142 A. 522; *Bond v. Weller*, 141 Md. 8, 118 A. 142; and *Fifer v. Hoover*, 163 Md. 381, 163 A. 848.

In the opinion of this court, because the times of maturity of the principal debt are equally capable of two meanings and constructions, the contract cannot be specifically enforced, without adopting one or the other, and so making a contract not clearly defined, its specific performance should not be decreed, and the decree appealed from should be reversed.

*Decree reversed with costs to the appellant, case remanded with leave to the appellee to amend its bill of complaint.*