## AARON S. APPLESTEIN *v.* ROYAL REALTY CORPORATION

[No. 51, October Term, 1942.]

*Decided November 19, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*H. Harry Rosenberg* for the appellant.

*Maurice E. Skinner* and *Edwin W. Herrmann* for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is a second appeal. The first will be found reported as *Applestein v. Royal Realty Corporation*, 180 Md. 274, 23 A. 2d 684. The bill of the appellee for specific performance of a contract to purchase from it certain real estate in the city of Baltimore was demurred to on the ground that the contract was vague, indefinite and uncertain. The demurrer was overruled below and the defendant appealed. We reversed the lower court, and remanded the case with leave to the appellee to amend its bill of complaint. Amendment was made below in pursuance of this permission. The appellant again demurred, his demurrer was again overruled, and he is now here appealing from this decision. The question before us is whether the amendments made are sufficient to cure the defects we found in the contract.

The contract provided for a "purchase money mortgage of Eight Thousand Dollars ($8,000) for a period of five years, to bear interest at 4% per annum. Said mortgage to be amortized 10% annually to be paid monthly or quarterly." We found (1) that the contract did not state the form or terms of the mortgage and (2) that such terms as were stated were inconsistent because

the mortgage is to be paid in five years and also is to be amortized at the rate of 10 per cent. annually, which rate of amortization, if continued until thereby the debt is extinguished, will require ten years to accomplish such result. The appellee in Paragraph 5 of its amended bill of complaint alleges that the appellant has been engaged for a number of years in buying and selling real estate in Baltimore City and in giving and receiving mortgages thereon, and knows the universal custom prevailing in that city of incorporating in all mortgages on real estate certain covenants. It further alleges that it has never been the practice or custom in Baltimore to include in a contract of sale these covenants, and it is an implied condition of all contracts that mortgages shall be exe-. cuted in accordance with the prevailing custom.

Where a usage or custom exists in respect to a transaction and each party knows of the usage or it is generally known by persons under similar circumstances, that usage is binding upon the parties to such a transaction. *Restatement of Law, Contracts*, Chap. 9, Sec. 247.

In an early case, this court, speaking through Judge Alvey, said: "The principle upon which usage or custom is applied to the interpretation of contracts, is very familiar, and of constant occurrence. It may be resorted to in the absence of express stipulations, or where the meaning of the parties is uncertain or doubtful upon the language used, or where the usage of the trade or business to which the contract refers, or with reference to which it was made, may afford explanation and supply deficiencies in the instrument." *Appleman v. Fisher*, 34 Md. 540; *Himmel v. Levenstein*, 132 Md. 317, 103 A. 848.

The true test is that there must be in the contract something doubtful which can be explained by a usage or custom. If the contract is plain, evidence cannot be received to contradict it. If the contract is made with reference to a usage and therefore omits the special particulars which are supplied by that usage, those particu-

lars can be supplied by proof of the usage.  *Travelers'  Insurance Co. v. Hermann,* 154 Md. 171, 140 A. 64.

It is competent for the appellee to offer proof of a trade custom, and if it can establish such custom by proof, this would answer the first objection we found to the enforcement of the contract.

By Paragraph 6 of the amended bill of complaint, the appellee alleges that any uncertainty as to the method of amortization provided in the contract arises out of a latent ambiguity and that the phrasing of the contract is in conformity with the well-established meaning of the word in the framing of similar contracts.  That what it means is that the vendee would pay on account of the mortgage debt 10 per cent. during the first four years, and presumably the balance at the end of the five years.

The word "amortize" was originally used to describe the passing of land into the dead hands of the church, from which it could not be extracted.  It gradually came to apply to the extinguishment of a debt by providing a sinking fund which would gradually kill the obligation. The later dictionaries apply the word to the partial as well as the complete extinguishment of a debt, and some of them give as one of its meanings "reduce."  It is with this last meaning that the appellee claims the word is used in the contract.  If that is true, then there is no inconsistency.  In the first appeal, we had before us the bare wording of the contract without any explanation offered in the bill of complaint.  We then said that to interpret the contract under those circumstances would mean that we would have to write in it the provisions for payment.  By the amended bill, the appellee offers to prove what the use of the word means.

The question of when an ambiguity in a contract may be explained by parol evidence has been fully discussed in the recent case of *Lambdin v. Dantzebecker,* 169 Md. 240, 246, 181 A. 353, 356.  It is there pointed out that the difficulty depends upon determining what is a latent ambiguity, which may be so explained, and what is a patent ambiguity, which may not.  In determining what

is permitted to be explained and what is not, this court quoted with approval 3 *Jones on Evidence,* Section 455, to the effect that "where any doubt arises as to the true sense and meaning of the words themselves, or any difficulty as to their application under the surrounding circumstances, the sense and meaning of the language may be investigated and ascertained by evidence dehors the instrument, for both reason and common sense agree that by no other means can the language of the instrument be made to speak the real mind of the party. In such a case parol evidence is admissible *ex necessitate.*" This point of view does not in any way infringe on the rule against permitting parol evidence to alter or change the clear and unambiguous terms of a written contract. This rule was recently recognized and discussed in the case of *Markoff v. Kreiner,* 180 Md. 150, 23 A. 2d 19. The case here is entirely different. We have a word used in a contract which may mean that the amount of the mortgage may be paid off in installments for four years and then the balance paid in full, or it may mean that it is to be fully paid off in installments. There is here, therefore, an ambiguity. In such a case, it would be a denial of justice not to permit the parties to show what is usually meant by the use of this term, under similar circumstances, bearing in mind, of course, the rule that all previous oral negotiations between the parties are merged in the final written contract.

It is argued that inasmuch as the contract in this case is one of those required to be in writing under the Statute of Frauds, no oral testimony should be permitted because that would in effect do just what the statute attempts to prevent. A contract required to be in writing under the Statute of Frauds cannot be enforced if it is partly written and partly oral. That, however, is not this case. We have here a contract wholly written, but some of the terms used are claimed to be trade terms and others have more than one meaning. Oral testimony is offered to explain the words used in the contract, not to vary

the contract nor to alter it in any way, nor to add anything to it.

This court had before it a contract for the sale of land in which the description was defective. The question was to what extent oral testimony could be permitted to explain or amplify the description in the contract. It was there said: "* * * we have concluded that, if the writing itself supplies information from which it may be naturally and legitimately inferred that the parties intended it to affect a certain definite tract of ground, parol evidence should have been admitted to connect the description contained in the contract with the land to which it refers, but that, if it did not supply such information, parol evidence was not admissible." *Helmik v. Pratt,* 153 Md. 685, 695, 139 A. 559, 563. This was reaffirmed in the more recent case of *Kalavan v. Hamburger,* 178 Md. 218, 13 A. 2d 343.

In the case before us, of course, it is not the description of the property which needs amplification, but the principles above set out apply with equal force to the case before us. We find no error in the ruling of the lower court on the demurrer, and it is therefore affirmed.

*Order affirmed, with costs.*

On Motion for Reargument, the following memorandum was filed:

The motion for reargument will be denied. The appeal herein is from an order overruling a demurrer to the bill of complaint with leave to plead. No final decree has been passed, and such order is interlocutory. It is not properly before this court, until after final decree, although we have expressed our views on the questions raised in the court below.

*Motion for reargument denied. Order affirming ruling of lower court stricken out, and appeal dismissed, with costs.*