The Honorable Sandra D. Kauffman Representative, District 46 State Capitol Building, Room 105-H Jefferson City, Missouri 65101
and
The Honorable Vernon E. Scoville, III Representative, District 45 State Capitol Building, Room 403-A Jefferson City, Missouri 65101
Dear Representative Kauffman and Representative Scoville:
You have each requested an opinion of this office concerning Section 353.030(11), RSMo 1986. From the information you provided, it appears your questions can be summarized as follows:
 1. Does Section 353.030(11), RSMo 1986, include as "gross earnings" the proceeds from the sale of realty and improvements, or refinancing thereof, of all or part of the redevelopment project?
 2. Does Section 353.030(11) (c), RSMo 1986, include debt service in the provision for deducting from gross income "[a]n annual amount sufficient to amortize the cost of the entire project"?
Section 353.030(11), RSMo 1986, provides as follows:
 353.030. Organization of corporation — contents of articles of agreement. — Corporations referred to in this chapter as urban redevelopment corporations may be organized in the following manner: The articles of agreement or association shall be prepared, subscribed and acknowledged, and filed in the office of the secretary of state pursuant to the general corporations laws of the state and shall contain:
* * *
 (11) A declaration that the corporation has been organized to serve a public purpose; that all real estate acquired by it and all structures erected by it are to be acquired for the purpose of promoting the public health, safety and welfare, and that the stockholders of the corporation shall when they subscribe to and receive the stock thereof, agree that the net earnings of the corporation shall be limited to an amount not to exceed eight percent per annum of the cost to such corporation of the redevelopment project including the cost of the land, or the balances of such cost as reduced by amortization payments; provided, that the net earnings derived from any redevelopment project shall in no event exceed a sum equal to eight percent per annum upon the entire cost thereof. Such net earnings shall be computed after deducting from gross earnings the following:
 (a) All costs and expenses of maintenance and operation;
 (b) Amounts paid for taxes, assessments, insurance premiums and other similar charges;
 (c) An annual amount sufficient to amortize the cost of the entire project at the end of the period, which shall not be more than sixty years from the date of completion of the project. The development plan may contain provisions satisfactory to the legislative authority authorizing such plan that any surplus earnings in excess of the rate of net earnings provided in this chapter may be held by the corporation as a reserve for maintenance of such rate of return in the future and may be used by the corporation to offset any deficiency in such rate of return which may have occurred in prior years; or may be used to accelerate the amortization payments; or for the enlargement of the project; or for reduction in rentals therein; provided, that any excess of such surplus earnings remaining at the termination of the tax relief granted pursuant to section 353.110
shall be turned over by the corporation to the city. [Emphasis added.]
* * *
Section 353.030, RSMo 1986, does not define "gross earnings" nor is such term defined elsewhere in Chapter 353, RSMo. Therefore, in interpreting the legislature's intent in using this statutory language, we must look to the well-established rule of statutory construction that words appearing in a statute must be given their "plain and ordinary meaning." State ex rel. Dravo Corporation v. Spradling,515 S.W.2d 512, 517 (Mo. 1974).
Black's Law Dictionary, Sixth Edition, defines "gross earnings" as: "[t]otal income and receipts of a person or business before deductions and expenses." See also Rambin v.Continental Casualty Company, 186 So.2d 861, 864 (La. 1966). Receipt is defined as: "that which comes in, in distinction from what is expended, paid out, sent away, and the like."State v. Texas Co., 116 S.W.2d 583, 584 (Tenn. 1938). In Black's Law Dictionary's definition of gross earnings, reference is made to the synonymous definition of gross income. Black's Law Dictionary cites I.R.C. Section 61(a), defining gross income as all income from whatever source derived, including (but not limited to) the following items: (1) compensation for services, including fees, commissions, and similar items; (2) gross income derived from business; (3) gains derived from dealings inproperty; etc. The recognition of "gains derived from dealings in property" as "gross earnings" would include gains from the sale of realty and improvements. Therefore, we conclude that "gross earnings" as used in Section 353.030(11) includes gains from the sale of realty and improvements.
However, the proceeds of a refinancing are not included as "gross earnings." Black's Law Dictionary defines refinancing as: "[t]o finance again or anew; to pay off existing debts with funds secured from new debt; to extend the maturity date and/or increase the amount of an existing debt; to arrange for a new payment schedule. . . ."
 Whatever may be the strict or technical meaning of "income," for tax purposes the term means an actual gain, or actual increase of wealth, and does not include a mere unrealized increase in value.
85 C.J.S. Taxation § 1096a. We conclude that the proceeds of refinancing of a redevelopment project does not constitute "gross earnings" as used in Section 353.030(11).
Your final question is whether "[a]n annual amount sufficient to amortize the cost of the entire project" includes debt service. Black's Law Dictionary defines amortization as: ". . . [a] reduction in a debt or fund by periodic payments covering interest and part of principal, . . . ." See also,Addressograph — Multigraph Corporation v. United States,78 F. Supp. 111, 122, n. 1 (Court of Claims 1948); Applestein v.Royal Realty Corporation, 28 A.2d 830, 831-832 (Md.App. 1942). Debt service is defined in Black's Law Dictionary as the interest and charges currently payable on a debt, including principal payments. Therefore, we conclude an annual amount sufficient to "amortize the cost of the entire project" as used in Section 353.030(11) (c) includes debt service.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General