COURT OF APPEALS, JUNE TERM, 1820.

BATTURS vs. SELLERS & PATTERSON.

APPEAL from *Baltimore* county court. The appellant, who was the plaintiff in the court below, on the 14th of November 1814, by his agents, *Appleton* and *Poor*, sold a bale of broad cloths at *Baltimore*, to the defendants, gave them a pattern card, containing a sample cut off from one of the pieces of cloth in the bale; and at the same time made out and delivered to them a bill of parcels. The cloths at that time were in *Philadelphia*, and were to be delivered when they should arrive; and the defendants were then to give their note at 75 days in payment. The cloths arrived on the 19th of the same month, and the defendants were called upon to take them, and to give their note. But the defendants, stating in their letters to the plaintiff's agents, that the cloths were not of so good a quality as they were sold for, refused to accept them, or to give their note, and returned the pattern card and bill of parcels, neither of which were received by the plaintiff, or his said agents. The cloths were subsequently resold by the plaintiff's agents at public auction, notice of such sale having been first given to the defendants. At the resale, the cloths brought less than the defendants contracted to give, by $721 25, and to recover that sum this suit was instituted.

*Where commission merchants sell the goods of their principal, & the purchaser accepts from them a bill of parcels stating him to be the purchaser, the bill of parcels is a sufficient memorandum of the contract, within the statute of frauds. If the fact be that the sale is for and on account of the principal, such bill of parcel, is sufficient to gratify the statute of frauds, though the name of the principal does not appear in it, and though it be made out in the names of the commission merchants The acceptance of such a bill of parcels is a sufficient recognition by the purchaser, of the authority of the commission merchants to sign his name*

On this evidence the court below, [*Dorsey*, Ch. J. and *Ward*, A. J.] were of opinion, and so directed the jury, that the plaintiff was not entitled to recover. The plaintiff excepted, and verdict and judgment being for the defendants, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, and JOHNSON, J.

*Williams*, (Assistant Attorney General,) for the appellant, contended,

1. That the resale in this case was not a rescission of the contract. *Sands vs. Taylor*, 5 *Johns. Rep.* 395. *Colvin vs. Williams*, decided in this court, June term, 1810. *Mertens vs. Adcock*, 4 *Esp. Rep.* 251.

2. That this is an executory contract, and therefore not within the statute of frauds. *Clayton vs. Andrews*, 4 *Burr.* 2101. 1 *Com. on Cont.* 92.

3. That there was such a memorandum in writing, (connecting the bill of parcels with the correspondence between

June 1820. the parties,) as to be a sufficient compliance with the re-
Batturs        quisition of the statute in this particular. *Rucker vs. Com-*
vs             *meyer,* 1 *Esp. Rep.* 105.   *Davis & Buckey vs. Harding,* in
Sellers, &c    this court, June term, 1816.    *Saunderson vs. Jackson,* 2
*Bos. & Pull.* 238, *(& note.)    Champion vs. Plummer,* 4
*Bos. & Pull.* 252, and 5 *Esp. Rep.* 240, S. C.   *Coles vs.*
*Trecothick,* 9 *Ves.* 249.   *Fowle vs. Freeman, Ibid* 351·
*Egerton vs. Matthews,* 6 *East,* 308, *(note.)    Emmerson*
*vs. Heelis,* 2 *Taunt.* 47.

4. That there was a part, or at least a symbolical deli-
very of the article purchased.   *Cooper vs. Elston,* 7 *T. R.*
14. *Klinitz vs. Surry,* 5 *Esp. Rep.* 267.   *Hinde vs. White-*
*house,* 7 *East,* 558.

*Winder,* for the appellees, cited *Rondeau vs. Wyatt,* 2
*H. Blk. Rep.* 63.   1 *Com. on Cont.* 93.   3 *Johns. Rep.*
399.   *Newl. on Cont.* 171, 172, 173.

The opinion of the court was delivered by

BUCHANAN, J.   The question presented for the conside-
ration of the court is, whether there is a sufficient memo-
randum in writing within the meaning of the statute of.
frauds, to bind the defendants?   Which depends on prin-
ciples governing analogous cases, and that have been too
long settled now to be shaken.   Ever since the case of
*Simon vs. Motivos,* 3 *Burrows,* 1921, the writing down
the name, by the auctioneer, of the purchaser of goods.
sold at auction, has been deemed a sufficient gratification
of the statute—the auctioneer being considered as the
agent of both parties.   And why is he the agent of both
parties?   He clearly is the agent of the seller of the
goods, but that does not constitute him the agent of the
buyer, nor is he to be taken as such on the ground of his
being a commissioned or public officer.   The true reason
is, that the course and manner of proceeding at sales by
auction being for the auctioneer to set down the name of
the highest bidder, as the purchaser, together with the
price bid opposite to the article sold, which is universally
known to be the practice.   The bidder, by his bid, gives
authority to the auctioneer to write down his name; and
thus, as to that individual transaction, constitutes him his
agent.   If that be the true reason, (and it is believed to
be the only one,) why an auctioneer is held to be the agent

of both parties, the same principle applies with equal, if not with greater force, to the case under consideration. *Appleton* and *Poor*, as the agents and on behalf of the plaintiff, sold a bale of broad cloths to the defendants, and at the same time made out and delivered to them a bill of parcels, which is headed with the names of the purchasers and seller, as such; and the quantity, description and price of the cloths, with the terms of sale, are explicitly set out. After having entered into a contract for the purchase of the cloths, the standing by and seeing their names written on the bill of parcels, was a tacit permission by the defendants to *Appleton* and *Poor* to write their names; and the receiving it from them, after their names were so written, was a recognition of their authority, and an affirmance of their act as agents. In the case of a sale at auction, the purchaser does no more than bid—every thing further is the work of the auctioneer. In this case the defendants did much more—they first made a contract of purchase, then stood by and saw the bill of parcels made out in their names as purchasers; and lastly, accepted it from *Appleton* and *Poor*, and took it home with them—which is surely equivalent to all that is done at an auctioneer's sale. What is asserted in the presence of a party to a suit, and not contradicted by him, is received as evidence against him, on the ground, that his silence is an implied admission of the truth of what was said. And on the same principle the acquiescence of the defendants, in the writing of their names by *Appleton* and *Poor*, in their presence, with their acceptance of the bill of parcels, is an implied acknowledgment of the authority of *Appleton* and *Poor*, as their agents, to do so, and is equivalent to their having expressly directed *Appleton* and *Poor* to make out a bill of parcels in their names, which, it must be admitted, would have made them their agents for that purpose. If therefore it is conceded, and it is now too late to be denied, that the name of a party need not be at the bottom of the instrument, but that it is enough if it is written in any part of it, there is in this case a sufficient signing by the defendants to gratify the statute. We put the pattern card out of the case; it was given to the defendants before the sale, only to enable them to judge of the quality of the respective pieces of cloth. The samples it contained were not to be taken into the estimate, either of

the quantity or price of the cloths, and were neither delivered as parcels of the thing sold, nor intended as a symbolical delivery.

The bill of parcels is not to be considered as the contract itself; but in the view which has been taken of the subject, is a sufficient memorandum in writing, of the contract within the meaning of the statute of frauds, to bind the defendants. Not on the principle that a commission merchant, as such, is to be considered as the agent of both parties, but only under the particular circumstances of this case.

The statute of frauds, therefore, being gratified, the sale by *Appleton* and *Poor*, as the agents and on behalf of the plaintiff, must be considered as a sale by him; and the circumstance that the bill of parcels was made out in their names is no objection to his recovery.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.