KARL A. M. SCHOLTZ *v.* HONORA PHILBIN.
[No. 48, January Term, 1929.]

■■■■■■■■■■■

■■■■■■■■■■■■ ■■■

■■■■■■■■■■■■

■■■ ■■■

*Decided April 3rd, 1929.*

■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■ ■■■■

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Louis J. Jira* and *Paul R. Kach,* for the appellant.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This appeal is from the decree of a court of equity enforcing the appellant's contract to purchase real property. The appellant was the successful bidder at an auction sale of property known as 334 St. Paul Street, Baltimore City, and a title insurance company employed by him reported that discrepancies were found between the title lines and the lines of the improvements, that there was a small encroachment on an alley in the rear, and that the rights in party walls were not certain; and insurance in respect to these details was refused. Discussion followed with agents of the owners, new surveys were made, and a confirmatory deed was procured from an adjoining owner. But at about the time this work was finished the appellant, stating that he had bought the property on speculation, and was prejudiced by the delay,

198

declined to complete the purchase. Testimony was taken on the supposed defects in title, and we think it removed all substantial objections, but this need not be dwelt on, as the objections now urged on appeal are concerned only with supposed insufficiencies in the contract itself.

The objections now are that the contract is unenforceable because an auctioneer's memorandum made of it does not contain the name of the vendor, as required by the Statute of Frauds, and because the contract stated in it is too uncertain in its terms to be enforced specifically. This auctioneer's memorandum is signed by the appellant as purchaser, and a copy of the advertisement of the sale affixed to it contains the names of real estate agents making the sale and the name of the auctioneer. Nowhere does the name of the owner appear. And it is settled that to satisfy the requirement of the Statute of Frauds, there must be some writing showing who are the contracting parties. *Thomas v. G. B. S. Brewing Co.,* 102 Md. 417, 425. But there are several sufficient replies to the objection. It seems sufficient to say that in the case of *Batturs v. Sellers,* 5 H. & J. 117, cited by the appellant, it was held that if a sale is made by commission merchants, and the bill of parcels is made out in the names of the commission merchants as vendors, it is sufficient to gratify the Statute of Frauds in that respect, even though the name of their principal does not appear. And that seems to be a decision of the same point. Moreover, the agents in this instance were again named in a letter written to them by the appellant acknowledging the purchase, and this time they were described as "agents for Honora Philbin", the principal. And that would have supplied the name needed if it had been necessary to the sufficiency of the memorandum. *Drury v. Young,* 58 Md. 546, 554; *Banks v. Harris Mfg. Co.,* 20 Fed. 667.

The uncertainty found in the terms of the contract is in a statement that payments shall be made, "one-third cash, balance, in 1, 2 or 3 years at 6%, or all cash." It is a provision commonly found in memoranda of sales in Maryland. The appellant contends that it leaves open for settlement by

further treaty the amounts and times of payments of instalments over the period of one, two or three years, if the purchaser should elect to defer payments. That a court of equity can enforce only a definite, certain contract, with no material terms yet to be settled by the parties, is unquestionable. *Bond v. Weller,* 141 Md. 8; *Tarses v. Miller Fruil & Produce Co.,* 155 Md. 448; review of decisions 49 *A. L. R.* 1464. And here it is true that, if we are to presume an intention to have a deferred amount paid in instalments, then so far as the vendor is to have any choice in respect to the division into instalments, this form leaves the choice undetermined, and there is room for disagreement between the parties on that detail. Only the maximum limit of three years for credit is fixed, and payment by instalments is not mentioned.

The trial court, presumably following the statement of Pomeroy in 36 *Cyc.* 575, that when one of two alternatives cannot be enforced because of uncertainty in it, equity will enforce the other, certain alternative, decreed in this case that the appellant should perform his contract by paying all cash. But a review of cases, decided on facts somewhat similar to those before us now, makes it appear doubtful whether this statement has gained acceptance as law in cases where the options are held by defendants refusing performance. And there is force in the appellant's argument that such a solution is not an enforcement of the contract as the parties made it, but enforcement of it with unsettled privileges of the defendant trimmed off and denied him. Our opinion is that the court must step outside of its function of merely enforcing the contract to adopt that solution, and that it is therefore erroneous to do so.

But we consider that the contract is nevertheless enforceable to some extent, at least, and that the vendor may have the court act to that extent if she desires. The vendee has at least agreed with certainty to make all the deferred payments, if he elected to defer any, in three years. There is a certain contract to that extent. And the court cannot deny the vendor the right to his contract to the extent that it is

certain so long as the vendee is required to yield no part of his rights.

Therefore, we hold that the court should by its decree enforce the contract as one for the payment of the purchase price either all in cash, or one-third of it in cash and the whole of the deferred two-thirds in three years at most, with interest at 6%, or in one or two years instead, if and as the vendee shall now elect. The vendor should be preserved a lien for his deferred payments. See *Morris v. Ballard,* 56 App. D. C. 383, 49 A. L. R. 1461.

> *Decree reversed and cause remanded for passage of a decree in conformity with this opinion, with costs to the appellee.*