SAMUEL LONDON, ET AL. *v.* ELEANOR E. RIEBEL
[No. 46, October Term, 1947.]

*Decided December 11, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON,· and MARKELL, JJ.

*Herman H. Rosenbaum* for the appellants.

*G. Ridgely Sappington* and *Wilson K. Barnes* for the appellee.

GRASON, J., delivered the opinion of the Court.

This is an appeal from a decree entered in the Circuit Court No. 2 of Baltimore City, after sustaining a demurrer to an amended bill of complaint praying for the specific performance of a contract for the sale of real estate. It involves the single question of whether or not the memorandum of sale relied upon is sufficient under the Statute of Frauds. The amended bill makes the following averments: That appellants own the property in question and offered it for sale at public auction on the premises through their "agent, A. J. Billig, a licensed auctioneer"; that they "advertised and published notice of said sale" in a daily newspaper, a copy of which is exhi-

bited; that the appellee was the highest bidder at the sale and the property was sold to her for $14,200.00 subject to ground rents; that she signed a written contract, a copy of which is exhibited, paid a deposit of $1000.00 in the form of a check drawn on the Equitable Trust Company of Baltimore, Maryland, and a written receipt was given therefor by Billig to appellee; that said check was drawn to the order of A. J. Billig, Auctioneer, and agent of appellants, endorsed and cashed by him at the Trust Company; that the appellants are ready, willing and able to comply with the contract, but the appellee refuses to carry out the same.

It prays: (1) That the contract may be specifically enforced; (2) for further relief; and (3) for process.

The advertisement of sale of the property, exhibited with the amended bill, describes the property, and specifies the day and hour of sale and the terms thereof. It is signed by A. J. Billig & Co., Auctrs.

Also exhibited is the contract of sale, which is as follows:

"Baltimore, 9/11/1946

I, Eleanor E. Riebel, have this day purchased at Public Auction for the price of $14200.00 the property No. 1604-1606 Bolton St.—Each Property subject to a yearly gr. Rent of $212.62½, of which a deposit of One thousand Dollars has been paid. Balance of purchase money to be paid in cash within 30 days. All rents, taxes and expenses to be adjusted to date of settlement.

Signed: Eleanor E. Riebel,

1201 Laurens St."

It is contended by the appellants that the advertisement of the property, the check given by the appellee to the auctioneer as a deposit, the receipt given by him to the appellee therefor, which are not exhibited, together with the contract signed by appellee, taken together gratified the Statute of Frauds, and is a sufficient written memorandum to evidence a sale of real estate. This contention is controverted by the appellee.

It is familiar law that a memorandum for the sale of real estate must contain the elements of a valid contract. And a contract for the sale of land must show the name or description of the seller as well as the name of the buyer. If there is no seller named in such a memorandum, or a description by which the seller can be identified, there can be no contract, and parol evidence is not admissable to show who is the owner. This court has decided that such a memorandum must contain the names or some identifying description of both parties to the contract in order to comply with the Statute of Frauds. *Duval v. Myers,* 2 Md. Ch. 401; *McElroy v. Seery,* 61 Md. 389, 48 Am. Rep. 110; *Thomas v. Gottlieb, Bauernschmidt, Straus Brewing Co.,* 102 Md. 417, 425, 62 A. 633; *Scholtz v. Philbin,* 157 Md. 196, 198, 145 A. 487.

And it is supported by authorities in this country and in England. *Grafton v. Cummings,* 99 U. S. 100, 25 L. Ed. 366; *Moore v. Adams,* 153 Ga. 709, 113 S. E. 383, 23 *A. L. R.* 925; *North & Co. v. Mendel & Bro.,* 73 Ga. 400, 54 Am. Rep. 879; *Kohlbrecher v. Guettermann,* 329 Ill. 246, 160 N. E. 142; *Banta v. Newbold,* 108 Kan. 578, 196 P. 433; *Des Brisay v. Foss,* 264 Mass. 102, 162 N. E. 4; *Barkhurst v. Nevins,* 106 Neb. 33, 182 N. W. 563; *Sherburne v. Shaw,* 1 N. H. 157, 8 Am. Dec. 47; *Follender v. Schwartz,* 107 N. J. Eq. 451, 151 A. 55; *Irvmor Corporation v. Rodewald,* 253 N. Y. 472, 171 N. E. 747, 70 *A. L. R.* 192; *Mayer v. Adrian,* 77 N. C. 83; *Vandenbergh v. Spooner,* L. R. 1 Exch. 316; *Potter v. Duffield,* L. R. 18 Eq. 4; *Jacob v. Kirk,* 2 Moody & Robinson 221, 174 English Reports, Full Reprint, 269; *Champion v. Plummer,* 1 Bos. & Pul. (N. R.) 253, 127 English Reports, Full Reprint, 458.

The appellants argue that there is a valid contract in this case because the advertisement is signed by "A. J. Billig & Co., Aucts.", and they are to be considered the agents of the owner. Nowhere in the advertisement is shown the name of the owner of the property, or any description by which he can be identified,—such as owner or proprietor. Nor does it contain the name of any one

who represents himself as agent of the owner, with power to convey title in the property to a purchaser. Billig acted as an auctioneer, which is plainly shown by the advertisement. He does not sell as owner, or as the owner's agent, but limits his responsibility in the matter to that of an auctioneer. Can it be supposed that the appellee intended to deal with him as agent of the owner, or had the slightest idea that she was buying the property from him as agent, or expected him to convey the property to her upon payment of the purchase money? This Billig, as auctioneer, did not hold himself out to do. And it could be that Billig was not employed by the owner or his agent to sell this property. He might have been employed by one who mistakenly thought he was the owner of the property. From the allegations of the amended bill, and the contents of the exhibits, parol evidence would have to be resorted to in order to determine the owner of the property and Billig's agency for the owner. And this cannot be done.

In the case of *Irvmor Corporation v. Rodewald, supra,* Chief Judge Cardozo pointed out: "Nowhere in the writing is there a description of any one who is to assume the obligations of a buyer. Haas is not stated to be the buyer, and was never understood to be one. * * * There is a settled rule of law that a note or memorandum of a contract for a sale of land must identify by name or description the parties to the transaction, a seller and a buyer. * * * He (the broker) did not put himself forward in any such relation. 'There was no moment of time at which that agent was * * * responsible for any contract whatever as his own.' "

In *Sherburne v. Shaw, supra,* there was offered in evidence "a paper purporting to be the 'articles of sale of the estate of Jonathan Warner deceased,' signed by the auctioneer and containing a schedule of the property, the terms of payment and the names of the purchasers. Beneath the auctioneer's signature there was a memorandum signed by the defendant in which he agreed to take the property bidden off by him, at the prices and credits

before mentioned." There was also offered the newspaper advertisement of the sale signed by the auctioneer. Neither the advertisement nor the paper referred to stated who were the owners or sellers of the land. It was held that these papers "disclose the name of no person to whom the defendant was liable; of no one who would be entitled to prosecute him for non-performance, or whom he himself could prosecute for a failure to render such deeds as were stipulated in the articles of sale".

In *Grafton v. Cummings, supra,* the property was sold at public auction and the memorandum of sale was signed by the party to be charged, and the objection to it was that "the other party to the contract of sale is not named in it, and can only be supplied by parol testimony". Mr. Justice Miller, speaking for the Supreme Court, said: "There can be no purchase without a seller. There must be a sufficient description of the thing sold and of the price to be paid for it. It is, therefore, an essential element of a contract in writing, that it shall contain within itself a description of the thing sold, by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who buys it. There is a defect in this memorandum in giving no indication of the party who sells. * * * It is very clear that Walker did not intend to hold himself out as the vendor in this case, because he describes himself as auctioneer and agent for both parties. If he had been sued on this contract by Grafton for failing to tender sufficient deeds of conveyance, it would have been a good answer to the action that he describes himself in the paper on which he was sued as merely an auctioneer in the matter, and in that sense as agent, and not principal. * * * What did he mean by putting his name there? It can have no other fair meaning than simply to say, as he does, I was the auctioneer who struck off this property. But concede that he meant to represent the other party in that contract, a contract in which he takes care not to bind himself, who is that other party. What light does the writing of his name as

auctioneer and agent throw on that question? Literally none. An anxious reader of the whole paper and its attachments would know as little who sold, or for whom Mr. Walker was selling, after his signature as he did before. To say agent for both parties may show he was agent for the one party whose name is not there, but it does not show who was that party. The paper without Walker's endorsement shows who was the purchaser, but neither with nor without it does it show who was the seller."

In *Potter v. Duffield, supra,* certain real estate was put up for sale by auction in four lots, and Duffield & Bruty acted as vendor's solicitors, and Messrs. Beadel were the auctioneers. The memorandum, signed by John Rogers and confirmed by "Beadels, per N. J.", stated: "I, John Rogers, of Maldon, do hereby acknowledge myself to be the purchaser of Lot 2 of the property described in the foregoing particulars, for the sum of £200; and having paid the auctioneer £20 as a deposit and in part payment of the purchase money, * * *."

The seller's name was not contained in the memorandum. The court said: "The Counsel for the Plaintiff contends that you may describe one of the parties as the vendor of the estate; but the statute cannot mean that. It requires the parties to be described in such a manner as that there can be no fair or reasonable dispute as to the person who is selling or buying. I recently held that the description 'proprietor' would be sufficient, there being but one person who answered the description."

The bill in that case was dismissed. The case in which the court held that "proprietor" was sufficient description of the vendor, is *Sale v. Lambert,* L. R. 18 Eq. 1.

The appellants rely on the case of *Scholtz v. Philbin, supra.* The advertisement of the sale of the property in that case shows the name of Pierre C. Dugan and Nephew, 520 N. Charles Street, Baltimore, Maryland. It contains a description of the property, terms of sale and the time thereof, and the name of Samuel W. Pattison & Co., auctioneers. This is shown by the record. In that

case Pierre C. Dugan & Nephew appeared in the advertisement as sellers. In this case there was no one who appeared in the advertisement as seller, as we have said that Billig & Co., when they signed the advertisement as auctioneers, clearly intended that they were interested in the matter solely as auctioneers, and did not intend to hold themselves out as sellers, either personally or as agent for undisclosed princpals. Moreover, the appellant in that case was the purchaser, and in a letter written by him to Dugan & Nephew he described them as agents for their named principal.

We hold that the memorandum in this case is insufficient because it does not contain the name of the seller, and as the exhibit, check and receipt referred to in the amended bill do not contain the name of the seller, they can in no way aid the contract, Exhibit "A". Considering all of these documents together, it still appears that the name of the seller is not shown.

It is not necessary to discuss other points presented by the briefs.

For reasons stated, the decree of the learned chancellor will be affirmed.

*Decree affirmed, with costs to appellee.*