LAMBDIN, ET UX. *v.* PRZYBOROWSKI

[No. 123, September Term, 1967.]

*Decided May 28, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-NEY█, MARBURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Daniel Gordon,* with whom were *Gordon & Goodman* on the brief, for appellants.

*Alexander Stark,* with whom was *Sidney Rosenberg* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore County (Jenifer, J.) granting specific performance of a contract for the sale of land. Stanley J. Przyborowski and his wife (the Przyborowskis), complainants below and appellees here, owned property known as 6905 Railway Avenue, Dundalk, Baltimore County, Maryland. They instituted an action against Edward C. Lambdin and his wife (the Lambdins) after the Lambdins refused to consummate the purchase of the Railway Avenue property. The Lambdins filed a cross-bill of complaint asking that their deposit be returned.

The Przyborowskis and Lambdins entered into a contract which provided, *inter alia,* after reciting the down-payment and the amount to be paid at settlement, that:

> "The balance of Twenty-one Thousand Dollars (21,000) to be financed through a lending institution for a period of twenty years (20) at the buyers' expense. Settlement to be within ninety days (90) from the date first mentioned above at which time possession shall be given.
>
> "In the event that this loan cannot be arranged, then all monies of the deposit shall be refunded to the buyers; and this contract shall become null and void."

The Chancellor found that the Lambdins made application for a loan, but that the Equitable Trust Company's (Equitable) maximum loan commitment on the Railway Avenue property was $15,000 over a 15 year period. When Mr. John J. Yeager (Yeager), real estate agent for the Przyborowskis, was informed of the Lambdins' difficulties, he received Mr. Lambdin's permission to obtain the necessary financing elsewhere. Yeager approached the Homewood-Clinton Savings and Loan Association, Inc. (Association) and made formal application for a $21,000 loan over a 20 year period as stipulated in the contract. Mr. George Hofferbert (Hofferbert), an attorney who represented Homewood-Clinton, informed Yeager that his Association would lend $19,500, $1,500 short of the contemplated mortgage of $21,000. The Chancellor further found that Yeager then informed Lambdin of the situation, explained that he (Yeager) would hypothecate $750, which would result in a loan of $20,-

250 from the Association, if the Lambdins would agree to raise an additional $750 in cash and that Lambdin agreed to this arrangement. Hofferbert, the Chancellor found, also agreed to the arrangement. Prior to the setting of the final settlement date Lambdin and Hofferbert discussed the financing in detail and Hofferbert testified that Lambdin authorized him to proceed with the consummation of the transaction.

We are of the opinion that the Chancellor's order granting specific performance cannot stand in that the requirements of the Statute of Frauds have not been met. The applicable provision of the statute, found in Alexander, *British Statutes in Force in Maryland,* (Coe Edition) Volume II at 690, provides:

> "And be it further enacted by the Authority aforesaid, That from and after the said four and twentieth Day of June, no Action shall be brought whereby, * * * upon any Contract or Sale of Lands, Tenements, or Hereditaments, or any Interest in or concerning them * * * unless the Agreement upon which such Action shall be brought, or some Memorandum or Note thereof shall be in Writing, and signed by the Party to be charged therewith, or some other Person thereunto by him lawfully authorized."

This Court has said, in considering the sufficiency of a writing necessary to satisfy the Statute, that:

> "* * * a memorandum, in order to make enforceable a contract within the Statute of Frauds, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, * * * (3) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made." (*Forsyth v. Brillhart,* 216 Md. 437, 440, 140 A. 2d 904, 906-7 (1958).)

See also 1 *Restatement, Contracts,* §207.

The interest rate, amount of the mortgage, rate of amortization and possible points involved are important terms and

conditions that must be contained in a memorandum. See *Smith v. Biddle,* 188 Md. 315, 52 A. 2d 473 (1947), holding that a written contract which omitted any reference to the interest rate and term of a contemplated mortgage was too indefinite to be specifically enforced and that although this indefiniteness could be cured by an oral agreement, the Statute of Frauds would not be satisfied. The situation is the same in this case. The contract between the parties omitted the interest rate and amortization schedule. The Chancellor found that the Lambdins orally agreed to borrow an amount greater than that set out in the contract with a mortgage from the Association, but there is no showing that the Lambdins agreed to these terms in writing, that they signed an application for a mortgage on the agreed to terms and no argument has been made that any memorandum that the Association may have made concerning the *agreed to loan* was *signed* by any one acting as the Lambdins' agent.

The Chancellor was of the opinion that the lack of a written memorandum was cured by the sworn testimony of Lambdin at the hearing of the case. We disagree. It is true that admissions of a party in the form of testimony constitute sufficient memoranda or writings under the Statute of Frauds, *Pollin v. Perkins,* 223 Md. 532, 165 A. 2d 908 (1960), *Trossbach v. Trossbach,* 185 Md. 47, 42 A. 2d 905 (1945), but Lambdin did not admit to the agreement that the Chancellor found had been made. Hofferbert testified that Lambdin agreed to the $20,250 loan. Lambdin's testimony on cross-examination was as follows:

"Q. You talked to Mr. Hofferbert? A. Right.

"Q. You heard him testify? A. I heard it.

"Q. Did you not? A. Yes.

"Q. You heard him testify that you authorized him to proceed, that it was okay? A. Yes.

"Q. For the seven hundred and fifty dollar mortgage from you? A. That's right.

"Q. Is that right, you heard him testify? A. I heard him testify, yes sir.

"Q. And you say this is not true? A. No, I did not say it was not true, I said I don't recall. If that's what

passed between—I don't recall figures. I only recall him discussing the value.

"Q. So it may be that this was what was said? A. Maybe."

An admission by a party that an agreement *may* have been made does not satisfy the Statute of Frauds, for, as said in *Trossbach v. Trossbach, supra*:

"Under existing procedure, the purpose of the Statute of Frauds is to protect a party, not from temptation to commit perjury but from perjured evidence against him. The purpose of evidence is to prove facts. Admissions of a party in testifying, though in form evidence, are in essence not mere evidence, but make evidence against him unnecessary." (185 Md. at 55, 42 A. 2d at 908.)

An admission by a party that an agreement may have been made does not make evidence against him unnecessary.

The appellants Lambdins ask that their deposit be returned in accordance with the provisions of the contract set out above. We are of the opinion that the Lambdins are entitled to the return of their $1,000 deposit and the appellees make no argument that the deposit should not be returned in the event the decree of specific performance is reversed.

> *Order reversed and judgment entered in this Court in the amount of $1,000 for the appellants; appellees to pay the costs in the court below and in this Court.*