# PAAPE *v.* GRIMES

[No. 115, September Term, 1969.]

*Decided January 14, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SMITH and DIGGES, JJ.

*James K. Carmody,* with whom were *Goodman, Bloom & Carmody* on the brief, for appellant.

*William E. Kirk* for appellee.

DIGGES, J., delivered the opinion of the Court.

On April 2, 1968, Elizabeth King Grimes, appellee (seller) and Ronald C. Paape, appellant (buyer), executed an agreement for sale of a lot located in Fairfax subdivision, Sixth District of Anne Arundel County. Mrs. Grimes, on July 18, 1968, informed Paape she was cancelling the contract, and she failed to appear on July 27, 1968, the designated date for settlement. Thereupon the buyer filed his bill of complaint in the Circuit Court for Anne Arundel County seeking specific performance of the agreement. To this bill the seller demurred on the ground that (1) the contract "is too vague and indistinct with respect to the date of settlement," (2) the contract is unenforceable "in that it is too vague and indistinct

for it does not state the rate of interest to be charged . . .", and (3) for other reasons to be set forth at the hearing. After a hearing the Chancellor, Judge Beardmore, agreed with the second contention and sustained the demurrer without leave to amend. It is this order the buyer seeks to have reversed.

The three pertinent paragraphs of the contract referred to in the demurrer read as follows:

"That the terms of sale shall be as follows: The sum of FIVE THOUSAND ($5,000.00) DOLLARS cash at time of settlement as hereinafter set forth, of which sum the herein mentioned deposit shall be a part, and the balance to be in the form of a purchase money mortgage in the amount of THIRTY-FOUR THOUSAND FIVE HUNDRED ($34,500.00) DOLLARS, which the Buyer shall execute and the Seller shall accept, having a term of TEN (10) years and payable in 119 installments of $247.18, payable monthly on the first day of each month following settlement and one (1) installment, the last, in the amount then remaining unpaid of the original mortgage of $34,500.00 *plus accrued interest on said balance*. A $5,000.00 principal payment shall be made with the 40th and 80th installments.[1] (Emphasis added.)

. . . .

"That settlement shall be . . . on or before ninety (90) days from date hereof, or as soon thereafter as report of title can be obtained.

. . . .

"TIME IS OF THE ESSENCE OF THIS AGREEMENT."

All parties acknowledge this case is controlled by this

---

1. The contract is typewritten with the exception of the last sentence quoted above which is handwritten in ink. This was apparently assented to by the parties to the contract by placing their initials in the margin.

Court's frequently stated rule that to be specifically enforced a contract for the sale of land must be definite and certain in all of its terms, free from ambiguity and in accordance with the Statute of Frauds. *Lambdin v. Przyborowski*, 250 Md. 108, 242 A. 2d 150 (1968) ; *Grooms v. Williams*, 227 Md. 165, 175 A. 2d 575 (1961) ; *Fett v. Sligo Hills*, 226 Md. 190, 172 A. 2d 511 (1961).

The primary contract provision challenged as being too indefinite is the first set forth above. The italicized words are the only mention of interest in the contract and nowhere is the rate specified. The seller accordingly contends that the provision "plus accrued interest on said balance" affords no standard for a court to enforce. The buyer argues that when interest is provided for but no rate specified, the court can and should imply the legal rate of interest prevailing at the time and place of the making of the agreement.

No Maryland case seems to have considered specifically whether the legal rate of interest can be inferred from use of the word "interest" or the phrase "with interest." [2] In *Brown v. Hardcastle*, 63 Md. 484 (1885), there was a mortgage which provided that interest on the mortgage debt at one percent was to be paid until the principal became due. It was silent as to any provision concerning interest in the event the principal was not paid upon maturity. This Court at page 492 said: "There is nothing to indicate an intention that this low rate of interest was to be charged so long as the debt was unpaid. The legal consequence of nonpayment at the time appointed subjected the debtor to *legal interest thereafter, . . .*" (Emphasis added.)

Maryland Rule 642 provides in part: "A judgment by confession or by default shall be so entered as to carry interest from the time the judgment was rendered. A

---

2. In Bond v. Weller, 141 Md. 8, 118 A. 142 (1922) the contract provided for a monthly installment of $58.34 *and interest*. Even though the provision for interest is similar to that in the instant case, the Court found the contract unenforceable because of vagueness in other of its provisions and accordingly did not discuss the use of the term *and interest*.

judgment on verdict shall be so entered as to carry interest from the date on which the verdict was rendered." [3] The courts of this State in applying this rule have uniformly inferred that the interest rate to be charged is the legal rate, now six percent per annum. *United States v. Swift & Co.,* 152 F. Supp. 738 (D. Md. 1957), aff'd 257 F. 2d 787 (4th Cir. 1958), *cert. denied,* 358 U. S. 837 (1958) ; *Picking v. Local Loan Co.,* 185 Md. 253, 44 A. 2d 462 (1945). The Maryland Constitution, Article III, Section 57 provides: "The Legal Rate of Interest shall be *Six per cent. per annum;* unless otherwise provided by the General Assembly." Even though the General Assembly by the recent enactment of Chapter 453 of the Acts of 1968 (Code (1957, 1969 Cum. Supp.) Art. 49) made substantial changes in the interest and usury laws so as to authorize for most purposes an interest rate of up to eight percent per annum it has never changed the legal interest rate of six percent as set by the Constitution.

Other jurisdictions which have considered the precise point have had little difficulty in construing the term "interest," when no specific rate is mentioned, to mean interest at the legal rate. *Patrick v. Kirkland,* 53 Fla. 768, 43 So. 969 (1907) ; *Hornstein v. Cifuno,* 86 Neb. 103, 125 N. W. 136 (1910). The justification for the decisions seems to be that these courts are not supplying a missing material term but simply ascertaining the intention of the parties by reference to that rate of interest that is prima facie reasonable in those states. Some jurisdictions have carried this reasoning even further by inferring that interest shall be paid at the legal rate even where there is no mention whatsoever of interest. *Clark et al. v. Andrew et al.,* 11 F. 2d 958 (5th Cir. 1926) ; *McCarty v. Harris,* 216 Ala. 265, 113 So. 233 (1927) ; *Cavanna v. Brooks,* 97 N. J. Eq. 329, 127 A. 247 (1925) ;

3. At common law judgments did not carry interest. City Pass. R. W. Co. v. Sewell, 37 Md. 443 (1873). Statutory provisions which Maryland Rule 642 supersedes provided for interest on judgments without specifying the rate.

*Keystone Hardware Corp. v. Tague,* 246 N. Y. 79, 158 N. E. 27 (1927).

In the case now before the Court it is apparent by the use of the phrase "plus accrued interest" the parties intended that some interest was to be paid. There is no indication that the rate is to be settled at some future time, a provision which would clearly make the contract specifically unenforceable. See *Standard Homes v. Pasadena Co.,* 218 Md. 619, 147 A. 2d 729 (1959) (where the contract merely outlined provisions which were to be settled by future agreement of the parties). In the limited situation where the word "interest" appears in the instrument minus any sufficient indication of the rate to be charged, we hold that interest at the legal rate is inferred. That this rate conforms to the parties' intention in this case is strongly evidenced by reference to an amortization table, which shows that the mortgage of $34,500 provided for in this contract amortized over twenty years at six percent generates a monthly payment of exactly $247.18 when applied first to interest and balance to principal, precisely the monthly payment called for in the contract. Of course the term of the mortgage contemplated in the contract is only ten years, but there are provisions for "balloon" payments of $5,000 each on the 40th and the 80th monthly installments, with all the remaining unpaid principal due on the 120th installment. Calculations of a pay-out figure based on a time period different from that over which the payments are to run are not unusual in modern real estate financing. This method of repayment results from a desire to have lower monthly payment requirements and still have the mortgage debt paid in full at an earlier date than would otherwise result.

Some Maryland cases have used language indicating that a "rate of interest" must be expressed in the contract in order to make it specifically enforceable, notably *Lambdin v. Przyborowski, supra; Fett v. Sligo Hills, supra; Smith v. Biddle,* 188 Md. 315, 52 A. 2d 473 (1947).

All of these cases, however, involved rather sketchy and informal contracts which did not mention interest. Although the cases use the phrase "rate of interest" we think it clear that the focus of this Court was with the total lack of interest provisions of any kind, believing a provision for interest was a missing material term in the contracts then before us. Here the contract is specifically and explicity laid out, with a provision for "interest" expressed. We here are merely giving legal definition to a term that is already a part of the contract. To the extent that the three cases cited and any others imply that where a contract expressly provides for interest, the rate of interest must be specifically stated in order for the contract to be definite enough to be specifically enforced, they are hereby overruled.

In *Manning-Shaw v. McConnell*, 244 Md. 579, 224 A. 2d 445 (1966) and *Silverman v. Kogok, Adm'r*, 239 Md. 71, 210 A. 2d 375 (1965), we held unenforceable because of vagueness contracts which clearly stated the rate of interest to be charged and the amount of monthly payment to be made. But in each case the contract did not indicate whether the monthly payments were to include the interest charges or when the interest charges were payable. Our contract reads "plus accrued interest on said balance" and we think this term has the plain meaning that as each installment becomes due the payment of $247.18 includes an interest charge on the previous month's balance of principal. The typical contract which we have heretofore held unenforceable was an attenuated and shorthand agreement. Here we have a contract prepared in legally sufficient detail so as to entitle it to be specifically enforced.

Our decision on this point is sustained by such cases as *Triebert v. Burgess*, 11 Md. 452 (1857) ; *Caplan v. Buckner*, 123 Md. 590, 91 A. 481 (1914) (both of which decided that a mortgage would be held to mature at a reasonable time if no date for maturity was fixed) ; *Hartsock v. Mort*, 76 Md. 281, 25 A. 303 (1892) and *Apple-*

*stein v. Royal Realty Corp.*, 180 Md. 274, 23 A. 2d 684 (1942) (which inferred that interest on a mortgage was payable only as the principal became due unless otherwise specified). See also *Quillen v. Kelley,* 216 Md. 396, 140 A. 2d 517 (1958); *Baker v. Dawson,* 216 Md. 478, 141 A. 2d 157 (1958); and the recent decision of this Court in *Gilbert v. Banis,* 255 Md. 179, 257 A. 2d 206 (1969), in which Judge Singley, speaking for the Court, carefully reviews the Maryland law on indefiniteness in the specific performance of contracts to sell land. Judge Singley in *Gilbert,* at 185, quoted with approval from *Quillen v. Kelley, supra:*

> " 'It needs little, if any, citation of authority to sustain the statement that if an agreement be so vague and indefinite that it is impossible to collect from it the full intention of the parties, it is void, *Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 101, 122 A. 2d 563, *Robinson v. Gardiner,* 196 Md. 213, 217, 76 A. 2d 354, and the vendee is entitled to a refund of any payments made upon the purchase price. *Globe Home Impvt. Co. v. Brothers,* 204 Md. 73, 74, 102 A. 2d 748. But courts are reluctant to reject an agreement, regularly and fairly made, as unintelligible or insensible. The agreement will be sustained if the meaning of the parties can be ascertained, either from the express terms of the instrument *or by fair implication.* The law does not favor, but leans against the destruction of contracts because of uncertainty; therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained. *Middendorf, W. & Co. v. Milburn Co.,* 134 Md. 385, 387, 388, 107 A. 7. Cf. *Trotter v. Lewis,* 185 Md. 528, 45 A. 2d 329; *Schloss v. Davis,* 213 Md. 119, 131 A. 2d 287.' " (Emphasis added.)

Further support for the position we take is found in the enactment by the Legislature of the Uniform Commercial Code (Code (1957, 1964 Repl. Vol) Art. 95B), which was in force in 1968 when our contract was born. Although a sale of real estate is not subject to the Commercial Code, it is interesting to note that in Section 3-118 (d) dealing with negotiable instruments, it is provided "Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment . . . ." This is a strong indication that the inferring of interest at the legal rate, where there is a provision for interest but the rate is not specified, complies with the policy of this State as expressed by the Legislature. This public policy conforms to this Court's policy of enforcing legal agreements freely entered into between parties when their intention is reasonably discernible, and the court is not making an agreement for them.

Appellee also urges that the clause providing for settlement "on or before (90) days from date hereof, or as soon thereafter as report of title can be obtained" is so indefinite as to destroy the enforceability of the contract. She contends that this "thereafter" clause refers not to the 90th day set for settlement, July 3, but to the date of the contract, April 2. She argues that this is the only reading consistent with the time is of the essence clause. Thus she says settlement must be had as soon as the title report is obtained, or on the 90th day, whichever comes first. Under this view there could be no extension of the settlement period beyond 90 days.

We cannot accept this unnatural reading of the time provisions and hold that the word "thereafter" refers to the 90th day and not to the day the contract was made. The clear meaning of the language here is that if settlement does not take place on the 90th day because of title difficulties, the time for settlement will be extended until a title report can be obtained, if initially promptly ordered. Provisions similar to the one here in question are a common feature of real estate contracts. See *Shore-*

*ham Developers v. Randolph Hills*, 248 Md. 267, 235 A. 2d 735 (1967) ; *Chapman v. Thomas*, 211 Md. 102, 126 A. 2d 579 (1956).

The time is of the essence clause still has operative effect. If a report of title is obtained before the 90th day and indicates the seller is in position to convey a merchantable title, settlement must take place, unless waiver occurs, on or before that 90th day. See *Chapman v. Thomas, supra*. If the report showing merchantable title although initially promptly ordered is not obtained within the 90 day provision of the contract, then the time for settlement is extended until a date "as soon thereafter as report of title can be obtained," not exceeding such reasonable period as may be necessary for that purpose, with time being of the essence as to this new date. *North Ave. Land Co. v. Balto. City*, 102 Md. 475, 483, 63 A. 115 (1906).

Appellee raised additional points concerning the subordination clause and the addenda relating to moving the dwelling house from the property. The demurrer to the bill does not mention either defense and therefore they cannot be considered because of noncompliance with Rule 373 b (in that it does not "state in detail the question of law or insufficiency of substance upon which the demurrer is founded"). *Grooms v. Williams*, 227 Md. 165, 175 A. 2d 575 (1961) ; *Balto. County v. Glendale Corp.*, 219 Md. 465, 150 A. 2d 433 (1959) ; Rule 885.

We are here concerned only with ambiguity in the language of the contract, since this case is before us as a result of the trial court's ruling on the demurrer. Finding no bar to specific enforcement of the contract upon examination of the grounds detailed in the demurrer we will reverse the order of the lower court.

> *Order reversed and case remanded for further proceedings. Costs to be paid by appellee.*