IMAS GRUNER & ASSOCIATES, LTD. v.
PLANO STRINGER ET UX.

[No. 731, September Term, 1980.]

*Decided April 9, 1981.*

The cause was argued before THOMPSON and LOWE, JJ., and CHARLES E. ORTH, JR., Associate Judge of the Court of Appeals (retired), specially assigned.

*Jacob Sheeskin,* with whom were *Sheeskin, Hillman & Lazar, P.C.* on the brief, for appellant.

*Victor L. Crawford* and *Charles F. Chester* for appellees.

THOMPSON, J., delivered the opinion of the Court.

The issue before us on this appeal is whether a contract for the sale of real property is so ambiguous as to be unenforceable, where the contract provides that the sale is contingent upon the buyer's ability to obtain financing, but fails to set forth the terms of the financing.

Plano Stringer and his wife, Edith Stringer, appellees (sellers), owned a parcel of land located in Gaithersburg,

Maryland. On February 23, 1978, Imas Gruner & Associates, Ltd., appellant (buyer), contracted to buy the property for $225,000 and deposited $20,000 with the sellers' agent, Allied Realty Corporation. The agreement was a standard printed form contract supplied by the realtor, to which typewritten and handwritten additions were made. The agreement provided that it was "contingent on the ability of the Purchaser to secure or receive a commitment for the herein described financing" and obligated the buyer to "pursue diligently" its efforts to obtain financing. It further provided that the buyer was to procure financing within 120 days of the execution of the contract; the parties later extended this time for an additional 45 days. Under the contract, if the buyer did "not obtain the specified financing within the time stated," the agreement was to be null and void and the deposit was to be returned to the buyer. The references to the "herein described financing" notwithstanding, the only description of the financing which the contract contained was "conventional loan financing"; the blank spaces provided in the form for the insertion of the amount, the term, and the interest rate of the loan were not filled in. After the expiration of the 165 day period, the buyer notified the sellers that it had been unable to obtain financing and demanded that they return the deposit. Following the sellers' refusal, the buyer filed suit to recover the deposit in the Circuit Court for Montgomery County.

At the close of all the evidence, the buyer moved for summary judgment on the grounds that the omission from the contract of the specific terms of the financing which the buyer was to obtain indicated that there had been no "meeting of the minds" on an essential term of the contract. This motion was denied by the trial judge. He held that, in the absence of express, specific terms in the agreement, the buyer was obligated to seek and accept "reasonable" financing, which he defined as financing which was offered on terms equivalent to those available under market conditions and which would be acceptable to the average borrower exercising sound business judgment. He instructed the jury that, if they found that the buyer had made reasonable

efforts to obtain reasonable financing and had failed, they were to return a verdict, in the amount of the deposit, for the buyer; if they found that the buyer had not made reasonable efforts or that the buyer had been offered reasonable financing and had rejected it, they were to return a verdict for the sellers.[1] The jury returned a verdict in favor of the sellers and a judgment in the amount of the deposit was entered.

The buyer's sole contention on this appeal is that the contract was, because of the omitted terms, so ambiguous that it was unenforceable. It argues that the "trial judge . . . was incorrect in interpolating . . . a requirement that the [buyer] must have made reasonable efforts to obtain financing which would have been available to it under the terms and the conditions of the market at that time."

In *Nusbaum v. Saffell,* 271 Md. 31, 36-37, 313 A.2d 837 (1974), the Court of Appeals stated:

> "In *Quillen v. Kelley,* 216 Md. 396, 140 A.2d 517 (1958), Judge Prescott, for the Court, delineated the circumstances under which specific performance will be decreed:
>
> > 'It needs little, if any, citation of authority to sustain the statement that if an agreement be so vague and indefinite that it is impossible to collect from it the full intention of the parties, it is void, *Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 101, 122 A.2d 563, *Robinson v. Gardiner,* 196 Md. 213, 217, 76 A.2d 354, and the vendee is entitled to a refund of any

---

1. The evidence adduced at trial was in conflict. The buyer's vice-president and treasurer, Juan Grunner, testified that he had contacted several commercial lenders but had been told by each that no money was available. He specifically denied that any lender had made a firm offer to finance the acquisition of the property. The sellers testified that, at a meeting held on June 16, 1978, Mr. Grunner told them that he had been offered financing but had rejected it because he was unwilling to pay the interest rate at which it was offered. Also introduced was a letter from the buyer to the sellers which indicated that the buyer's decision not to purchase the property was based on dissatisfaction with the interest rates then being charged, rather than an inability to obtain financing.

payments made upon the purchase price. *Globe Home Impvt. Co. v. Brothers,* 204 Md. 73, 74, 102 A.2d 748. But courts are reluctant to reject an agreement, regularly and fairly made, as unintelligible or insensible. *The agreement will be sustained if the meaning of the parties can be ascertained, either from the express terms of the instrument or by fair implication.* The law does not favor, but leans against the destruction of contracts because of uncertainty; therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained. *Middendorf, W & Co. v. Milburn Co.,* 134 Md. 385, 387, 388, 107 A. 7. *Cf., Trotter v. Lewis,* 185 Md. 528, 45 A.2d 329; *Schloss v. Davis,* 213 Md. 119, 131 A.2d 287.' 216 Md. 407 (emphasis added).

"We have consistently adhered to these principles where a question of indefiniteness has arisen in specific performance cases, *Chambers v. Jordan,* 257 Md. 144, 262 A.2d 505 (1970); *Paape v. Grimes,* 256 Md. 490, 260 A.2d 644 (1970); *Gilbert v. Banis,* 255 Md. 179, 257 A.2d 206 (1969)."

Under a variety of circumstances, the Court of Appeals has held that there was an implied requirement of reasonableness where a contract failed to expressly set forth a term. *See, e.g., Caplan v. Buckner,* 123 Md. 590, 602, 91 A. 481 (1914) (where contract fails to specify time in which mortgage was to be made payable, reasonable time implied); *Lawson v. Mullinix,* 104 Md. 156, 64 A. 938 (1906) (where contract for sale of land fails to specify time for conveyance and payment, reasonable time will be implied).

It has been held by the courts in at least two states that, under the circumstances such as those presented in the instant case, where the parties omit from the contract the terms of the financing to be obtained, the contract will be interpreted as requiring that the buyer make reasonable

efforts to obtain reasonable financing. *See, Smith v. Vernon,* 6 Ill. App. 3d 434, 286 N.E.2d 99, 101-02 (1972) ("When details as to specific types or methods of financing are omitted, the clause must be interpreted as requiring that the terms of any offered mortgage be reasonable. . . . This requirement of reasonableness is not a subjective standard . . . [;] reasonableness is to be determined and interpreted by the court according to business practice and custom . . . ."); *Betnar v. Rose,* 259 Ark. 820, 536 S.W.2d 719, 723 (1976) ("The writing contained no specifics regarding just what efforts [buyers] were to have made or what terms they were to have accepted for a loan, but in the absence of such specifics, [buyers] had the duty to make a reasonable effort and to accept reasonable terms in order to satisfy the condition of the agreement relating to the return of the [deposit]."). *See, generally,* Annot. 78 A.L.R.3d 880 (1977).

Maryland has been unwilling to go quite so far. In *Smith v. Biddle,* 188 Md. 315, 52 A.2d 473 (1947), the Court of Appeals reversed the decree for specific performance, sought by the buyer, on the grounds that the contract for the sale of the land involved was too vague and uncertain to be enforced. The uncertainty found resulted from the failure of the contract to specify the term, the interest rate, and the amortization schedule of the mortgage which the contract required. In *Standard American Homes v. Pasadena Co.,* 218 Md. 619, 147 A.2d 729 (1958), the Court affirmed the denial of specific performance sought by the buyer of certain real property, where the contract failed to mention the time, mode, interest rate, or terms of payment of the mortgage required. In *Lambdin v. Przyborowski,* 250 Md. 108, 242 A.2d 150 (1968), where the contract of sale was contingent on the buyer obtaining financing in a specified amount, specific performance, sought by the sellers, was denied because the contract failed to specify the interest rate and amortization schedule of the financing to be obtained. The Court also held that the buyers were entitled to the return of their deposit. In *Paape v. Grimes,* 256 Md. 490, 260 A.2d 644 (1970), the Court overruled *Smith v. Biddle, Lambdin v. Przyborowski,* and similar cases "[t]o the extent that . . .

[they] . . . imply that where a contract expressly provides for interest, the rate of interest must be specifically stated in order for the contract to be definite enough to be specifically enforced . . . ." 256 Md. at 496. It was held that, where a contract failed to specify the rate of interest, the legal rate was implied. The *Paape* holding however was very limited; in a subsequent case, *Chambers v. Jordan,* 257 Md. 144, 151, 262 A.2d 505 (1970), the Court denied specific performance, sought by the buyer, where the contract "specified neither term, interest rate nor when payments of interest or principal would be payable."

As noted, the cases cited were suits in equity for specific performance. The case at bar involves an action at law for return of the deposit. Despite that distinction, we note that in at least two of the specific performance cases the court directed that the deposit be returned. *Lambdin v. Przyborowski,* 250 Md. 108, 242 A.2d 150 (1968) and *Globe Home Impvt. Co. v. Brothers,* 204 Md. 73, 102 A.2d 748 (1954). The Court of Appeals has consistently refused to enforce contracts, contingent on financing, which, as in the case at bar, fail to specify the amount, the term, and the interest rate of the financing; therefore we hold that the contract in the instant case was too ambiguous to be enforceable.[2]

> *Judgment reversed.*
> *Case remanded for entry of judgment for appellant in amount of $20,000.*
> *Appellees to pay the costs.*

---

**2.** Had the contract specified the financing to be obtained, the court below would have been correct in holding that the buyer was obligated to make reasonable efforts to obtain the financing, even if no such obligation was expressed. *See,* Traylor v. Grafton, 273 Md. 649, 689, 332 A.2d 651 (1975); Bushmiller v. Schiller, 35 Md. App. 1, 8, 368 A.2d 1044 (1977).